NATHANIEL FORD *v.* STATE OF INDIANA.

[No. 3-874A136.  Filed August 11, 1975.]

*Nicholas J. Schiralli, Paul J. Giorgi Professional Corporation,* for appellant.

*Theodore L. Sendak,* Attorney General, *George B. Loy,* Deputy Attorney General, for appellee.

STATON, P.J.—Ford was convicted of robbery and sentenced for a period of not less than ten (10) nor more than twenty-five (25) years. Ford's sole contention of error on appeal is that he was incarcerated in the Lake County Jail for more than six (6) months without a trial and should have been discharged under Indiana Rules of Procedure, Criminal Rule 4(A).

The version of CR. 4(A) applicable to this case reads as follows:

> "(A) Defendant in jail. No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (which ever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor."[1]

Under this version of CR. 4(A), Ford is entitled to a dismissal if he has been incarcerated for six months without a trial unless he has been responsible for delay causing the trial to be set beyond the six month period. *Johnson* v. *State* (1974), 262 Ind. 164, 313 N.E.2d 535; *Layton* v. *State* (1973), 261 Ind. 251, 301 N.E.2d 633; *State ex rel.*

---

1. The date for determining what rule is applicable to these proceedings is the date of the proceedings which started the time running. *Shack* v. *State* (1972), 259 Ind. 450, 288 N.E.2d 155. In this case, the pertinent date is February 3, 1972.

*Dull* v. *Circuit Court of Delaware County* (1973), 261 **Ind.** 248, 301 N.E.2d 519.[2]

The record before this Court discloses the following sequence of events:

| | |
|---|---|
| February 3, 1972 | Affidavit for robbery filed against Ford and co-defendant, Thomas; Ford arrested.[3] |
| February 10, 1972 | Trial set for February 28, 1972. |
| February 25, 1972 | Trial continued at defendant's request. |
| March 22, 1972 | Trial set for April 3, 1972. |
| April 3, 1972 | Ford moves for separate trial; motion overruled; trial set for April 25, 1972. |
| April 25, 1972 | Court orders separate trials for Thomas and Ford. |
| May 12, 1972 | Trial set for May 30, 1972. |
| May 30, 1972 | Trial continued on court's own motion. |
| July 19, 1972 | Trial set for July 31, 1972. |
| July 31, 1972 | Trial continued until September 5, 1972 by agreement of the parties. |
| September 5, 1972 | Trial continued "at the request of the defendant by counsel."[4] |
| October 23, 1972 | Trial set for November 13, 1972. |
| November 13, 1972 | Court appoints new pauper attorney to represent Ford. |
| November 28, 1972 | Trial set for December 29, 1972. |
| December 26, 1972 | Ford's second pauper attorney granted leave to withdraw. |
| December 27, 1972 | Court reappoints first pauper attorney to represent Ford; cause set for trial on January 12, 1973. |

2. Under the 1973 amendment to CR. 4(A), a defendant detained in jail for more than six months is entitled to be released on his own recognizance, but he is not entitled to a discharge unless there has been a violation of CR. 4(C).

3. It is not clear from the record when Ford was arrested. On February 3, 1972, the warrant for Ford's arrest was issued and the State filed a "petition" in opposition to a request for reduction of bond. The record also discloses that on March 9, 1973, the day Ford was sentenced, he was given credit for 399 days spent in jail. We assume that Ford was arrested on February 3, 1972. However, since there are several delays attributable to Ford subsequent to his arrest, this date is not crucial.

4. The record does not indicate whether Defendant Ford or Defendant Thomas requested this continuance. Ford, in his verified petition for discharge, alleges that he was not represented by counsel on September 5, 1972 and that he did not personally request this continuance.

| | |
|---|---|
| January 12, 1973 | Cause set for hearing on State's motion to expunge the April 25, 1972 entry granting Thomas and Ford separate trials. |
| January 25, 1973 | Court grants motion to expunge; Trial set for February 28, 1973. |
| February 28, 1973 | Ford files petition for discharge; petition denied; jury trial commences. |

Ford argues that the last delay chargeable to him is the July 31, 1972 continuance agreed to by the parties, and therefore, he is entitled to discharge because he was incarcerated for more than six months without trial from July 31, 1972 to February 28, 1973. Under CR. 4(A), prior to the 1973 amendment, delay chargeable to Ford caused the six month period to run anew from the last day of the delay chargeable to Ford. *Holt* v. *State* (1974), 262 Ind. 334, 316 N.E.2d 362; *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411; *Johnson* v. *State, supra.*[5] In this case, Ford agreed to a continuance until September 5, 1972. The last day of the delay chargeable to Ford is September 5, 1972, not July 31, 1972.[6] *See Holt* v. *State, supra.* Regardless of whether any of the delays subsequent to September 5, 1972 are chargeable to Ford, he was brought to trial within six months of the last delay clearly chargeable to him. There has been no violation of Ford's right to discharge under the applicable version of CR. 4(A).

Accordingly, the judgment of the trial court is affirmed.

Hoffman and Garrard, JJ., concur.

NOTE.—Reported at 332 N.E.2d 221.

---

5. Under the 1973 amendment to CR. 4(F), the time limitations contained in the rule are extended by the amount of delay attributable to the defendant instead of running anew from the last day of delay attributable to the defendant.

6. In this case, Ford agreed to a continuance until a specific date. This opinion does not treat the problem arising when defendant requests an indefinite continuance, and the trial court is then dilatory in resetting the case for trial.