## GORDON PLATT *v*. STATE OF INDIANA.

[No. 1-1074A153.  Filed February 6, 1976.  Rehearing denied March 15, 1976.  Transfer denied May 25, 1976.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

PER CURIAM—Appellant-defendant Platt is appealing the denial of his petition for post-conviction relief under Ind. Rules of Procedure, Post-Conviction Remedy Rule 1 (PCR 1). The issues raised by Platt include inadequate counsel; prejudice because of being present in the courtroom in chains and shackles; denial of a speedy trial; and, he was convicted under a statute that is unconstitutional for vagueness and overbreadth. Additionally, Platt asserts he was denied procedural due process for three reasons during the PCR process.

We find no error and accordingly affirm the trial court's decision.

Platt has the burden of establishing grounds for his post-conviction relief by a preponderance of the evidence. Here, where Plat is appealing from a negative judgment, reversal can be obtained only upon demonstration that the evidence is without conflict and leads to but one reasonable conclusion and that the trial court reached the opposite conclusion. *Willoughby* v. *State* (1975), 164 Ind. App. 676, 330 N.E.2d 120; *Fraley* v. *State* (1975), 163 Ind. App. 226, 323 N.E.2d 239.

As to the inadequacy of counsel there must be "strong and convincing" proof to overcome the presumption that an attorney discharged his fully duty. *Langley* v. *State* (1968), 250 Ind. 29, 232 N.E.2d 615; *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E.2d 184. There

was testimony at Platt's PCR hearing to refute, directly or by inference, the allegations of specific instances of incompetence and inadequacy of counsel.

In a similar vein there was conflicting testimony as to whether or not Platt appeared in court wearing chains and shackles.

The evidence on both of the foregoing issues was not without conflict. Therefore, the trial court could have reasonably reached the conclusion that it did.

Platt's assertion that he was denied a speedy trial in violation of Ind. Rules of Crim. Procedure, Rule 4, is supported only by meager information concerning the dates involved. In any event, the record provides testimony by Platt's trial counsel that Platt's "instructions were to continue the case as long as possible". Under CR. 4(A), prior to the 1973 amendment, the six month period began to run anew from each delay chargeable to the defendant. *Ford* v. *State* (1975), 165 Ind. App. 303, 332 N.E. 2d 221; *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411. There was no denial of a speedy trial.

Platt's challenge to the constitutionality of IC 1971, 35-17-5-3 (Burns Code Ed.) (theft by deception) consists to two parts—vagueness and overbreadth.

A statute will not be found unconstitutionally vague if individuals or ordinary intelligence could comprehend it to adequately inform them of the conduct to be proscribed. *Sumpter* v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95; *Stanley* v. *State* (1969), 252 Ind. 37, 245 N.E.2d 149. We find the language of the statute sufficiently explicit to adequately inform persons of ordinary intelligence of the conduct to be proscribed.

Also, the mere bare assertion, without citations or reference to the wording found offensive, that the statute is un-

constitutional for overbreadth presents nothing for the court to review. It is, therefore, deemed waived by authority of Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

Additionally, the overbreadth doctrine extends no further than protection of first amendment freedoms. *Vacendak* v. *State* (1976), 264 Ind. 101, 340 N.E.2d 352 citing *Moose Lodge* v. *Irvis* (1972), 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627.

Of the alleged procedural due process errors occurring in the conduct of the PCR hearing, two of the three issues are waived because Platt did not preserve the alleged errors for appeal by timely objection at the hearing. *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E. 2d 827; *Dudley* v. *State* (1970), 255 Ind. 176, 263 N.E.2d 161. Additionally, waiver is predicated upon Platt's failure to support his contentions with citations to authorities as provided by AP. 8.3(A)(7).

The remaining issue concerns alleged error in the hearing court's denial of requests for the issuance of subpoenas which were desired by the appellant to prove allegations of newly discovered evidence. Newly discovered evidence at such a hearing must be shown by petitioner to satisfy the following test: "(1) that the evidence has been discovered since the trial; (2) that is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result." *Torrence* v. *State* (1975), 263 Ind. 202, 328 N.E.2d 214; *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867.

Platt's statements to the trial court as to the reasons for the subpoenas indicate the nature and purpose of the evidence

to be elicited. It is apparent from a reading of the record that even if the subpoenas had been issued and the anticipated evidence was presented to the court, that evidence would fail the above test. Specifically, portions of the evidence would be cumulative, portions would be impeaching, and the sum of the evidence would not probably produce a different result. We must conclude then that even if it was error for the trial court to deny Platt's request for issuance of several subpoenas, the error, under the facts of this case, was harmless.

We affirm the judgment below.

NOTE.—Reported at 341 N.E.2d 219.