Nathaniel FORD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3-278A51.

Court of Appeals of Indiana,
Third District.

May 30, 1979.

Harriette Bailey Conn, Public Defender,
Kyle M. Payne, Deputy Public Defender,
Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jane M.
Gootee, Deputy Atty. Gen., Indianapolis, for
appellee.

STATON, Judge.

Nathaniel Ford was convicted of robbery
and was sentenced for an indeterminate
period of from ten (10) to twenty-five (25)
years. On appeal from his conviction Ford
claimed violation of Ind.Rules of Procedure,
Criminal Rule 4(A) [pre-1973 amended ver-
sion]. In *Ford v. State* (1975), Ind.App., 332
N.E.2d 221, we held that no CR. 4(A) viola-
tion had occurred because Ford had agreed
on July 31, 1972, to a trial continuance until
September 5, 1972. Thus, under CR. 4(A),
prior to the 1973 amendment, for speedy
trial purposes, the six month period began
to run anew on September 5, 1972, after the
last delay chargeable to Ford.

Ford petitioned the trial court for post-conviction relief,[1] which was denied. On appeal from that denial Ford presents this issue for our review:

Did the court err during the post-conviction relief hearing when it denied Ford's motion for a *nunc pro tunc* order to change an entry in the court's order book?

We affirm.

■ The petitioner in a post-conviction relief proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.Rules of Procedure, Post-Conviction Rule 1 § 5. *Holsclaw v. State* (1979), Ind., 384 N.E.2d 1026. The trial court hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll v. State* (1976), 265 Ind. 423, 355 N.E.2d 408; *Davis v. State* (1975), 263 Ind. 327, 330 N.E.2d 738. Its determination will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Cottingham v. State* (1978), Ind., 379 N.E.2d 984; *Carroll, supra* ; *Roberts v. State* (1975), 263 Ind. 53, 324 N.E.2d 265.

In *Ford*, the following sequence of events from the trial court's record was set out:

| | |
|---|---|
| "February 3, 1972 | Affidavit for robbery filed against Ford and co-defendant, Thomas; Ford arrested. |
| February 10, 1972 | Trial set for February 28, 1972. |
| February 25, 1972 | Trial continued at defendant's request. |
| March 22, 1972 | Trial set for April 3, 1972. |
| April 3, 1972 | Ford moves for separate trial; motion overruled; trial set for April 25, 1972. |
| April 25, 1972 | Court orders separate trials for Thomas and Ford. |
| May 12, 1972 | Trial set for May 30, 1972. |
| May 30, 1972 | Trial continued on court's own motion. |
| July 19, 1972 | Trial set for July 31, 1972. |
| July 31, 1972 | Trial continued until September 5, 1972 by agreement of the parties. |
| September 5, 1972 | Trial continued 'at the request of the defendant by counsel.' |
| October 23, 1972 | Trial set for November 13, 1972. |
| November 13, 1972 | Court appoints new pauper attorney to represent Ford. |
| November 28, 1972 | Trial set for December 29, 1972. |
| December 26, 1972 | Ford's second pauper attorney granted leave to withdraw. |
| December 27, 1972 | Court reappoints first pauper attorney to represent Ford; cause set for trial on January 12, 1973. |
| January 12, 1973 | Cause set for hearing on State's motion to expunge the April 25, 1972 entry granting Thomas and Ford separate trials. |
| January 25, 1973 | Court grants motion to expunge; trial set for February 28, 1973. |
| February 28, 1973 | Ford files petition for discharge; petition denied; jury trial commences." (Footnotes omitted). |

332 N.E.2d at 222.

At the hearing Ford moved to change the July 31, 1972 entry to refer specifically to his co-defendant Thomas instead of the general entry of "parties". Separate trials had been granted to Ford and Thomas on April 25, 1972. Ford argues that his court-appointed appellate counsel, who was not his trial attorney, mistakenly believed that the July 31st entry was attributable to Ford.

■ A *nunc pro tunc* entry is "an entry made now of something which was previously done, to have effect as of the former date." *Stowers v. State* (1977), Ind., 363 N.E.2d 978; *Perkins v. Hayward* (1892), 132 Ind. 95, 31 N.E. 670. The entry may serve to change or to supplement an entry already existing in the court's order book. *Stowers, supra.*

The *Stowers* court enumerated the requirements for making a *nunc pro tunc* entry:

1. Conditions by which the court determines to whom post-conviction relief will be available are designated in Ind.Rules of Procedure, Post-Conviction Rule 1 § 1(a). Ford premises his claim on the basis of newly discovered evidence. Yet Ford admits that his evidence does not satisfy the legal criteria for newly discovered evidence in that his trial counsel, with due diligence, could have secured and presented the evidence to correct the alleged latent ambiguities in the record. The trial court properly conducted the hearing so that alleged violations of Ford's federal and state constitutional rights could be considered.

"Such entries must be based upon written memoranda, notes, or other memorials which (1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described."[2]

363 N.E.2d at 983.

Ford's hearing commenced on June 3, 1977. The record reveals the following testimony in support of Ford's petition:

Trial counsel for co-defendant Thomas did not remember the case and had been unable to locate his case file.

The pauper attorney who represented Ford during the summer of 1972 (and who ultimately tried the case after a leave of absence) had no case records. He had no personal recollection of requesting a continuance on Ford's behalf. Counsel stated that he had not prepared for trial on July 31, 1972, and could only presume that he had not prepared for trial because he knew that it was to be continued. Additionally, no formal objection to that continuance was filed.

Ford had difficulty recalling the events surrounding his court experiences, and was uncertain as to the specific crime of which he had been convicted. He did recall that he had not requested a continuance.

The court commissioner who prepared the July 31st entry had no recollection of the event.

█ *Nunc pro tunc* entries may not be entered without some intrinsic basis; some written memorial or trial court entry must exist and form the basis for establishing the error or omission sought to be corrected. *Blum's Lumber & Crating, Inc. v. James* (1972), 259 Ind. 220, 285 N.E.2d 822. Statements of the parties or of their counsel, whether verified or unverified, are not available to supply any matter not disclosed in the court's record. *McWhirt v. Fearnow* (1973), 158 Ind.App. 68, 301 N.E.2d 810, *cert. denied,* 419 U.S. 1020, 95 S.Ct. 494, 42 L.Ed.2d 293.

The evidence presented by Ford consisted of the oral testimony discussed previously; a copy of Ford's appellant briefs filed in *Ford v. State, supra* ; a copy of Ford's Petition for Discharge filed in the trial court on February 28, 1973; and copies of the entries in the court's order book. The briefs attributed the July 31st delay to Ford. The petition for discharge did not refer to the July 31st entry.

█ Ford's evidence does not meet the written memorialization requirements necessary before a *nunc pro tunc* entry can be considered. The evidence was insufficient to warrant an alteration in the court's order book. The court did not err when it refused to order the *nunc pro tunc* entry almost five years after the event.

█ Ford's motion to correct errors alleges that Ford was denied effective assistance of trial counsel and of trial-level appellate counsel. These issues were not raised in Ford's appellant's brief; in fact, Ford admits that neither the trial nor the appellate counsel's representation constituted ineffective assistance of counsel. We deem these issues waived, pursuant to Ind.Rules of Procedure, Appellate Rule 8.3(A).

The denial of post-conviction relief is affirmed.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs in result.

---

2. The *Stowers* court noted that the requirement of a written memorial may be relaxed when a simple correction of a clerical error in the record is sought. 363 N.E.2d at 983. This exception is utilized in cases where the defect is obvious from the face of the record. *Jenkins v. Long* (1864), 23 Ind. 460 (judgment rendered for amount of two notes sued on; clerk erred in computation and entered judgment for lesser sum.) Ford characterizes the alleged ambiguities in the record as "latent". We agree with this assessment. The above-noted exception is not applicable to the case at bar.