**Robert W. BEGLEY, Appellant**
**(Defendant Below),**

v.

**Janet A. BEGLEY, Appellee**
**(Plaintiff Below).**

**No. 2–381A96.**

Court of Appeals of Indiana,
Second District.

April 22, 1982.

David W. Gotshall, Clifford & Gotshall, Anderson, for appellant.

Thomas P. Burke, Anderson, for appellee.

## OPINION ON PETITION FOR REHEARING

SHIELDS, Judge.

Robert W. Begley, appellant, petitions this court for rehearing of his cause pursuant to Ind.Rules of Procedure, Appellate Rule 11(A). His appeal was dismissed by memorandum decision because the trial court's order sustaining the motion to dismiss filed by Janet A. Begley, appellee, was not an appealable final judgment and time limitations for filing an interlocutory appeal from the order for attorney fees had not been met. Ind.App., 428 N.E.2d 1265.

Robert, in his petition, claims error in our holding he was appealing the trial court's order sustaining a motion to dismiss. This is an awkward argument for Robert. Commencing with the Motion to Correct Errors filed December 18, 1980 and continuing with his reply brief, Robert has consistently asserted trial court error in the grant of Janet's "Motion to Dismiss." Indeed, that is exactly the action taken by the trial court.

Robert filed a Petition to Modify Decree on July 10, 1980 which prompted Janet's filing of an Ind.Rules of Procedure, Trial Rule 12(B)(6) motion to dismiss on August 6, 1980. Following counsel's argument, the trial court overruled the motion to modify on October 20, 1980. Robert promptly filed a Motion to Reconsider Ruling which culminated in the trial court's entry of December 8, 1980 which, in pertinent part, reads:

> "Comes now the court and now sustains petitioner/wife's motion to dismiss filed august (sic) 6, 1980."

There is no merit to Robert's claim we erred in holding he was appealing an order sustaining a T.R. 12(B)(6) motion to dismiss.

Robert then urges us to exercise our discretion under A.R. 4(E) and *now* decide his appeal on the merits because a final judgment has been entered by the trial court subsequent to our dismissal of the appeal. He affirmatively states on October 20, 1981 the trial court made a *nunc pro tunc* entry of final judgment as of October 20, 1980.

We decline for three reasons.

First, the petition for rehearing is deficient in that it omits the representation that the requirements for making a *nunc pro tunc* entry exist. *Ford v. State*, (1979) Ind.App., 390 N.E.2d 676.

Second, we have serious reservations the conditions for a *nunc pro tunc* entry of final judgment on October 20, 1980 could exist. Recall, the original entry of October 20, 1980 overruled Robert's motion to modify which immediately prompted Robert to file a motion to reconsider. Only after that motion did the trial court proceed to specifically rule on Janet's motion to dismiss. This latter ruling was made December 8, 1980. Furthermore, even were we convinced the trial court "intended" to sustain the motion to dismiss on October 20, 1980, it could not properly enter a final judgment of dismissal on the same day. T.R. 12(B)(6) gave Robert the unfettered right to amend his petition within ten (10) days after he was served with notice the trial court had sustained Janet's motion to dismiss.

Finally, after an appeal is dismissed, we deem it inappropriate to proceed to address a case on the merits merely because a clear procedural defect is subsequently remedied.

It was established law before Robert filed his petition to modify that a ruling sustaining a motion to dismiss was not an appealable final judgment. Counsel are deemed familiar with the Indiana Rules of Procedure and the case law of this state. Robert brought this appeal and is charged with the responsibility of presenting an appealable final order or judgment. Remedial relief should have been presented for consideration by both the trial court and this court prior to our disposition of this case. This is especially true when Robert was faced with a motion to affirm because his original appellant's brief lacked the verbatim statement of the judgment required by A.R. 8.3(A)(4).

Thus, we refuse to address this appeal now for, in effect, the same reason we did not invoke our discretion under A.R. 4(E) prior to our dismissal. Those provisions of the trial and appellate rules of which Robert ran afoul are written clearly and succinctly. To invoke the discretion of A.R. 4(E) without compelling justification is to denigrate the remaining rules of procedure into "requests." We do not perceive the intent of the rules is that they should serve as mere directory pleas. We should not treat them as such by encouraging and approving a defective appeal on the merits without compelling circumstances.

Petition for Rehearing denied. Furthermore, because of our disposition of the Petition for Rehearing, we deny Robert's Petition for Writ of Certiorari.

BUCHANAN, C. J., and SULLIVAN, J., concur.