**STATE of Indiana, ex rel. Robert O'DONNELL, Relator,**

v.

**The CASS SUPERIOR COURT and the Honorable Mark Y. Brown, as Judge Thereof, Respondents.**

No. 584S169.

Supreme Court of Indiana.

Sept. 12, 1984.

James H. Austen, Walker, Starr & Austen, Logansport, for relator.

Linley E. Pearson, Atty. Gen., Indianapolis, Richard L. Russell, Sp. Pros. Atty., 29th Judicial Dist., Kokomo, for respondents.

GIVAN, Chief Justice.

On May 9, 1984, this Court granted relator's temporary Writ of Mandamus and Writ of Prohibition. These writs ordered the respondents to dismiss charges filed against relator under the Cause Numbers SS83–11 and SS83–12 and prohibited further proceedings on these charges. This opinion is to make permanent those writs.

Relator was charged by way of two separate informations with two violations of the statute prohibiting the operation of a vehicle while intoxicated. The following timetable is a chronicle of the relevant court activity.

| Date | Activity |
| --- | --- |
| December 24, 1982 | Defendant arrested for charges later filed as Cause Number SS83–11. |
| February 7, 1983 | Defendant arrested for charges later filed as Cause Number SS83–12. |
| February 23, 1983 | Informations filed in Cause Numbers SS83–11 and SS83–12. |
| April 19, 1983 | Causes continued by agreement of the parties. |
| September 21, 1983 | Omnibus hearing continued by Court to November 21, 1983. |
| November 21, 1983 | Omnibus hearing held. Court states that trial date will be set. |
| November 29, 1983 | Notice to take deposition. |

| Date | Activity |
| --- | --- |
| February 1, 1984 | Court states it will set trial in either April or May, 1984. |
| February 3, 1984 | Defendant files Objection to Trial Date and Demand for Speedy Trial. |
| February 7, 1984 | Six-member jury trial set for May 1, 1984, at 9:30 a. m. Defendant's Objection to Trial Date and Demand for Speedy Trial filed herein February 3, 1984, (HI) denied. |
| March 7, 1984 | Defendant files a Motion to Dismiss. |
| April 24, 1984 | Court denies Motion to Dismiss. |

Relator sought to dismiss the charges by invoking Ind.R.Cr.P. 4(C) which states:

"(C) Defendant Discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged."

Under the rule, the State was under a duty to bring relator to trial by February 23, 1984, unless any portion of any delay, within that year, is attributable to the acts of the relator. *See also* Ind.R.Cr.P. 4(F).

Respondents claim the delay from April 19, 1983, to the date of the omnibus hearing is to be attributed to the relator. They maintain when a defendant has either agreed to a State sought continuance or by his actions has acquiesced to a continuance then the delay is chargeable to the defendant. Indiana case law supports this position. *See Holt v. State*, (1974) 262 Ind. 334, 316 N.E.2d 362; *Moreno v. State*, (1975)

166 Ind.App. 441, 336 N.E.2d 675; *Ford v. State*, (1975) 165 Ind.App. 303, 332 N.E.2d 221. In the case at bar, relator did agree to the April continuance. Thus, respondents argue they have until mid-July to bring relator to trial.

Relator distinguishes the case at bar from the general rule by noting that in his case no trial date had been established when he agreed to the continuance. He argues the setting of a trial date provides the defendant with a benchmark from which he can gauge his decision of whether to agree to the continuance. He maintains, in the absence of a trial date prior to agreement, a defendant can only assume the State will comply with the rule.

A defendant is under no duty to take an affirmative action to ensure his being brought to trial within the time guidelines of the rule. However, a defendant does have a duty to alert the court when a trial date has been established beyond the proscribed limits of the rule. As the court noted in *Moreno* a defendant may not lure the State into an agreed continuance which extends beyond the limitations of the rule and then allege a right of discharge under the rule. In addition, a defendant is under no obligation to agree to any State sought continuance. He has the right to refuse to agree and to force the State to either bring him to trial within the time limits or seek a continuance for which it alone is responsible. Lastly, we recognize the purpose of the rule is to ensure early trials and not to discharge defendants.

In the case at bar, it was the action of the State which resulted in the long delay in this relatively simple matter. Relator did notify the court within two days of the setting of a trial date that the date was beyond the rule. This was a full three weeks prior to the running of the statute and provided the court and the State with ample time to conform with the requirements of the statute. We believe he has done all that is required of a defendant. When a defendant has agreed to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for the purposes of Ind.R.Cr.P. 4(C). A defendant in that situation can only assume that when a trial date is finally set it will conform to the limitations of the rule. If the court then sets a date beyond the boundaries of the rule, a defendant has a duty to notify the court of its error. In the case at bar, relator did, in fact, so notify the court. The purpose of the rule can only be guaranteed by the discharge of relator in the case at bar.

The temporary writs granted on May 9, 1984, are hereby made permanent.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

According to the record as recited above, the causes were "continued by agreement of the parties" on April 19, 1983. My judicial experience is that such general continuances of a cause by agreement of the parties typically reflect their free choice that advancement of the cause towards final resolution be stopped until one of the parties or the court restarts it. The cessation of activity occasioned and sanctioned by the agreement generally causes a delay in bringing the cause to trial, within the intendment of Criminal Rule 4(F). Such delay should extend the one year period for bringing the accused to trial in the same manner as would his motion for continuance of the trial. Criminal Rule 4(C). There is an actual delay here since the omnibus date had not been set when the continuance by agreement was granted and thus various deadlines for completion of pretrial procedures were not set. Ind.Code § 35-36-8-1. When a party delays a task which must be completed before a trial can take place, that party can and often does delay the setting of the case for trial, and through that, the trial itself. That is the effect of a continuance of the cause by agreement of the parties.