Bernette THOMAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 385S124.

Supreme Court of Indiana.

April 23, 1986.

Steven C. Snyder, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Bernette Thomas was convicted at the conclusion of a jury trial in the LaPorte Superior Court of attempted murder and robbery, both class A felonies. She was sentenced to two (2) terms of thirty-five (35) years each, to be served concurrently. The sole issue for our consideration on direct appeal is whether the trial court erred in overruling Appellant's Motion to Dismiss.

The State filed an information charging Appellant with attempted murder and robbery on March 28, 1983. Two days later a tentative trial date was set for June 20, 1983. On May 10, 1983, Appellant filed a Notice of Intent to Interpose the Defense of Mental Disease or Defect. The trial court appointed two physicians to examine her on May 16, 1983, which examination was completed on June 10, 1983. On May 23, 1983, Appellant requested new pauper counsel be appointed. Her new attorney was appointed on May 27, 1983. On December 2, 1983, the trial was reset for April 9, 1984, although there is no explanation why trial was not had the previous June. Appellant filed a Motion to Dismiss on April 4, 1984, pursuant to Ind.R.Crim.P. 4(C), which motion was denied. On April 9, 1984, prior to trial, Appellant orally renewed the motion for dismissal, which again was denied. Appellant was tried April 9, 1984.

Ind.R.Crim.P. 4(C) reads, in pertinent part, as follows:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed ... except where ... the delay was caused by his act.... Any defendant so held shall, on motion, be discharged."

Ind.R.Crim.P. 4(F) states in part:

"When ... delay in trial is caused by [defendant's] act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby...."

*See also Andrews v. State* (1982), Ind., 441 N.E.2d 194, 199.

In the present case, Appellant requested new counsel on May 23, 1983, and

counsel was appointed four days later. The four days Appellant was without representation caused a delay attributable to her. *Id.* On May 10, 1983, Appellant filed a Notice of Intent to Interpose the Defense of Mental Disease or Defect. Two physicians were appointed to examine her, and completed their reports on June 10, 1983. This examination and determination of sanity resulted in a delay of thirty-one days attributable to Appellant. *Id. See also Baldwin v. State* (1980), 274 Ind. 269, 271, 411 N.E.2d 605, 606.

Furthermore, we have held that a defendant has a duty to alert the trial court when the trial date has been set beyond the proscribed limits of the rule. *State ex rel. O'Donnel v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209, 211. If a defendant does not object to the trial date at her earliest opportunity she will be deemed to have acquiesced in the date. An objection must be lodged in time to permit the trial court to set the date within the one year period. *Randall v. State* (1985), Ind., 474 N.E.2d 76, 83–84, *reh. denied* (1985). Appellant's trial date for April 9, 1984, was set more than four months ahead of time and nearly four months prior to the expiration of the one year period, yet she did not object until five days before the trial date. Appellant's only explanation for the delayed objection is that she was not aware that the date exceeded the one year limitation. We cannot say in this case that Appellant's objection was made in a timely manner, nor can we say that it allowed the trial court an opportunity to set the trial within the one year period. Regardless, considering the delays attributable to Appellant, the one year time period was extended thirty-five days, from March 28, 1984, until May 2, 1984. The April 9–11 trial fell within this period with a margin of twenty-three days.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.