**STATE of Indiana on the Relation of Joey HENSON, Relator,**

v.

**The WASHINGTON CIRCUIT COURT and the Honorable Robert L. Bennett, As Judge Thereof, Respondents.**

No. 88S00–8708–OR–00767.

Supreme Court of Indiana.

Nov. 6, 1987.

Robert L. Houston III, Everitt, Houston & Thompson, Scottsburg, for relator.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for respondents.

PIVARNIK, Justice.

On August 21, 1987, this Court granted Relator's application for alternative writ of mandamus ordering Respondents to vacate the order denying Relator's Motion to Dismiss, prohibiting the setting of this matter for trial, and mandating the release and discharge of the Relator, filed against Relator under Cause No. 86–CR–127–CV and prohibiting further proceedings on these charges. This opinion is an explanation of that order and further ordering that the alternative writ be made permanent.

The chronology of events pertinent to this issue is as follows:

| | |
|---|---|
| June 8, 1986 | Defendant arrested. |
| June 9, 1986 | Initial hearing; Defendant charged. |
| August 1, 1986 | Deft. Motion for a Change of Venue, granted after hearing. |
| August 19, 1986 | Cause filed in Washington County. |

| | |
|---|---|
| December 15, 1986 | State files motion to set trial date. |
| January 5, 1987 | Court sets trial for July 7, 1987, no objection by Defendant. |
| July 20, 1987 | Defendant files Motion to Dismiss under Criminal Rule 4(C). |
| July 22, 1987 | C.R. 4(C) motion heard and denied; Court sets trial for July 28, 1987. |

Relator claims he is entitled to discharge since the State failed to bring him to trial within the one year period prescribed by Ind.R.Cr.P. 4(C). This rule provides:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the Court calendar; provided, however, that in the last-mentioned circumstance, the Prosecuting Attorney shall file a timely motion for continuance as under subdivision (A) of this rule.... Any Defendant so held shall, on motion, be discharged."

Pursuant to this rule the State was under a duty to bring Relator to trial by June 9, 1987 unless any delay within that year was attributable to the acts of the Relator. It is established by the record and acknowledged by the Relator that there was a delay from August 1, 1986, which was the date of the filing of a motion for change of venue from the county to August 19, 1986, which shows the change of venue from Scott County, Indiana completed to the Washington Circuit Court. This was a nineteen (19) day delay which had the effect of establishing June 28, 1987 as the date the State was obliged to bring the defendant to trial. The record further shows that on January 5, 1987, the cause was set for trial July 7, 1987. The Relator knew of the July 7 date and made no objection even though it was nine (9) days

after the one year period was to run. However, on July 2, 1987, the Washington Circuit Court reporter informed Relator's counsel, by telephone, the July 7 trial date had been continued and notice would be sent regarding rescheduling. At approximately the same time, Relator's counsel was informed that the judge of the Washington Circuit Court was leaving for vacation and would return and be present in court on July 21, 1987. On July 20, 1987 Defendant filed his motion for discharge pursuant to Ind.R.Cr.P. 4(C)

Relator concedes he waived any objection to the July 7 setting even though it was nine (9) days beyond the June 28, 1987 deadline. He first claims this at most added nine (9) days to the State's time to bring him to trial. The result would be a July 16, 1987 target date. Since he was not brought to trial by this date, he filed his motion on July 20, 1987. Second, Relator claims his waiver of the July 7 setting did nothing more than extend the trial deadline to that date. He did not consent to the continuance, and claims there was nothing he could do to object to the delay since only five days remained for the trial date and the judge was to be gone for a period well beyond that date. Respondent's contention is that Relator waived the setting of the trial on a date beyond the one year, June 28 deadline; thus, since Rule 4(C) no longer applied, the State had a reasonable time within which to bring Relator to trial. This is without merit. There is no entry on the docket sheet showing a continuance or in any way indicating why the cause was not tried on July 7. No motion was ever filed by the prosecuting attorney alleging a congestion of the calendar rendering it impossible to try this case on that date. There is no showing in response to the Motion to Dismiss that it was impossible to reach this trial because of a congested calendar. The only notice Relator had that trial would not begin on July 7 was an oral communication from the court reporter. He received no notice of the reason for the delay and no notice of a date resetting the trial. Under these circumstances it cannot be said the Relator had some duty to take action such as filing an objection to the continuance. This is particularly true since he had

known by that time the trial judge was on vacation. In failing to object to the January 5, 1987 setting of trial for July 7, there is no question that the Relator waived his claim that this date was beyond the limit which would have allowed him to seek a discharge. It was obvious to all that any further continuance beyond July 7 would also be beyond the deadline. It certainly cannot be said, however, that Relator forever waived his protections and rights under Ind.R.Cr.P. 4(C). He clearly waived any rights up to and including July 7, 1987 but he had a right to assume trial would be held on that date. The delay beyond that period was caused by the State and is clearly outside the one year limit. Relator was under no duty to take an affirmative action under these circumstances. *Huffman v. State* (1987), Ind., 502 N.E.2d 906; *State ex rel. O'Donnell v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209; *Pillars v. State* (1979), 180 Ind.App. 679, 390 N.E.2d 679.

The writ is made permanent and Relator is ordered discharged.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.