**Allen MORRISON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 03S04–9006–CR–382.**

Supreme Court of Indiana.

June 5, 1990.

---

Stephen W. Dillon, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The Court of Appeals upheld the defendant's conviction and his resulting twenty-five year sentence. *Morrison v. State* (1989), Ind.App., 542 N.E.2d 564. The defendant raises several issues concerning his motion for discharge under Ind.Crim. Rule 4(C). The following chronology sets out the significant dates and actions as well as identifying the delays attributed to the defendant by the Court of Appeals.

1986
April 25 - defendant charged & arrested
May 15 - defendant moved to continue omnibus hearing, granted
May 19 - original omnibus hearing date
June 10 - State moved to set trial date
June 23 - omnibus hearing: trial set for Nov. 18 (3rd choice); Feb. 10 (2nd choice); April 6, 1987 (1st choice). discovery & plea negotiation deadlines set
Nov. 18 - no trial held; no docket entry
1987
Jan. 15 - newly-elected Judge Trautman disqualifies herself; cert. to this Court for special judge
Feb. 10 - no trial held; no docket entry
Feb. 20 - Special Judge Long appointed
March 2 - Judge Long assumed jurisdiction
March 6 - State moved to set trial date
March 18 - trial set for June 9, no objection
May 8 - State cert. of trial readiness
May 28 - Judge Long noted congested calendar; improperly set up panel of three and ordered parties to strike by June 4
June 4 - State struck
June 9 - no trial held; no docket entry
July 27 - State moved to compel defendant to strike, no ruling shown
July 30 - defendant struck
July 31 - Special Judge O'Conner appointed
Sept. 3 - Judge O'Conner declined; new panel set and order to strike by Sept. 15
Sept. 10 - State struck; moved to compel defendant to strike
Sept. 15 - deadline for striking from panel
Oct. 1 - defendant struck
Oct. 2 - Special Judge Guthrie appointed
Oct. 7 - Judge Guthrie assumed jurisdiction
Oct. 14 - State moved to set trial date
Nov. 13 - sua sponte conference; trial set for Feb. 15, 1988
1988
Jan. 14 - defendant moved for discharge
Jan. 25 - State cert. ready for trial
Feb. 5,8 - hearing on 4(C) motion, denied
Feb. 15 - trial conducted.

A 39
B 84
C 119
D 46
E 56
F 34
G 16

Trial occurred 661 days after the defendant was charged and arrested. The Court of Appeals aggregated the delays it attributed to the defendant (without allowing for overlapping delays) to be 394 days, leaving 267 days which the Court found to be within the requirement of Crim.R. 4(C) that the defendant not be held for more than 365 days in the aggregate.

At the time the defendant was charged, Crim.R. 4(C) provided:

No person shall be held on recognizance or otherwise to answer a criminal charge

for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

■ The Court of Appeals attributed the first delay, shown at bracket A above, to the defendant because his motion to continue the omnibus hearing delayed the setting of the trial date and hence the ultimate trial date. This comports with Justice DeBruler's dissent in *State ex rel. O'Donnell v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209, 211. The defendant correctly now claims that the treatment of this delay contravenes *State ex rel. O'Donnell.* However, in his motion for discharge and at its hearing, the defendant *conceded* the 39–day period. The period is thus properly attributed to the defendant. At this stage of the proceedings, the State was required to bring the defendant to trial by June 3, 1987.

■ The Court of Appeals attributed delay B to the defendant because the record is "devoid of any continuance by the court or parties" and objections, and thus the defendant's failure to provide an adequate record constituted a waiver. The defendant claims that presuming his waiver from the silent record violates the general rule that the State has the burden of bringing a defendant to trial within the one-year period. *Huffman v. State* (1987), Ind., 502 N.E.2d 906. In *State ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, we refused to hold a defendant accountable for a missed trial date for which there was no docket sheet entry of continuance or reason for no trial being held. *See Huffman,* 502 N.E.2d at 907;

*Pillars v. State* (1979), 180 Ind.App. 679, 684–85, 390 N.E.2d 679, 683 (improper to assume trial court complied with rule where docket entry did not state reason trial court set trial date beyond time limit). Furthermore, our rule requiring an adequate record precludes review of alleged errors attributed to matters outside the record. *Emmons v. State* (1986), Ind., 492 N.E.2d 303. It seems inappropriate to assume that the record is incomplete simply because there are no docket entries on scheduled trial dates. The 84–day period of delay B cannot be charged to the defendant.

■ The Court of Appeals charged the defendant with delay C, February 10, 1987, to June 9, 1987, again presuming his waiver from the passing without objection of the scheduled trial dates of February 10 and April 6 and from his failing to object on March 18 to the setting of trial on June 9. As to the passing of February 10 and April 6 without trial and without objection, the defendant cannot be penalized, as discussed in the preceding paragraph. Furthermore, even where there is a failure to act which amounts to a waiver, such event cannot be characterized as a delay. If within the allotted time a trial court acts to schedule a trial beyond the deadline then existing such that the defendant's failure to object would amount to a waiver of his claim that such trial dates were beyond the time limit, *State ex rel. Henson,* 514 N.E.2d 838, the period embraced by these dates is not properly considered to be an inclusive time period chargeable to the defendant as delay. Delay C comprising 119 days is not attributable to the defendant, although as dicussed below, his failure to object to the setting of the June 9 trial date waives any objection that such date is beyond the time allowed.

■ Delay D covers the 46–day period between the following events: 1) January 15, 1987, newly-elected Judge Trautman disqualified herself and sought the appointment by this Court of a special judge; and 2) March 2, 1987, Special Judge Long assumed jurisdiction after being appointed on February 20. The Court of Appeals rea-

soned that this period should not count against the State because of the "exigent circumstance" of not having a trial judge available to try the case.

This Court has recognized an exception to Crim.Rule 4(B) for court congestion where "any exigent circumstance ... warrant[s] a reasonable delay beyond the limitation of [Crim.R. 4], due deference being given to the defendant's speedy trial rights under the rule." *Loyd v. State* (1980), 272 Ind. 404, 409, 398 N.E.2d 1260, 1265, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. A trial court's determination of such a circumstance will be reversed only for an abuse of discretion. In *Loyd,* the trial court continued the trial to accommodate the prosecutor whose parents became seriously ill just before the scheduled trial date. The defendant asserts that the *Loyd* exception addresses a situation where a circumstance arises just before the time limit is about to expire, making trial within the limit impossible.

Citing *State v. Bondurant* (1987), Ind. App., 514 N.E.2d 301, the defendant argues that "[t]he absence of a judge should not have delayed the scheduling of trial as a date could have been set by the current judge and the new judge informed of its pendency." In *Bondurant,* the special judge was apparently not appointed by this Court, and the need for such appointment does appear to be based on the initial trial judge's disqualification.

We agree with the defendant that the disqualification of the trial judge several months before the deadline for trial is not truly an *exigent* circumstance. However, in the present case a scheduled prospective trial date fell within the interim where no judge was available. Under Crim.R. 4(C) the State may address the systemic delay of a congested court calendar by seeking a continuance which will toll the Crim.R. 4(C) time period. The unavailability of a qualified trial judge can be a serious systemic delay, but one which the State has little means of addressing. Assuming, *arguendo,* that a delay due to the unavailability of a judge who can properly hear the case qualifies as court congestion which tolls

the running of the time period, then delay D would extend the ultimate deadline to July 19, the trial date set by Special Judge Long, June 9, would have been within such limit. If delay D was *not* properly charged against the defendant, then he had a right to be tried by June 9, 1987, because he did not object on March 18 to that date when it was set even though it was beyond the June 3 deadline. *State ex rel. Henson,* 514 N.E.2d 838.

Regarding Judge Long's May 28, 1987, *sua sponte* notation of congested calendar and designation of a panel of possible special judges, the Court of Appeals refused to attribute the resulting delay to the defendant because Judge Long did not comply with the rule's remedy of granting a continuance. Such continuance by a trial judge is permitted under Crim.R. 4(C) as amended effective January 1, 1987 and under our case law. *French,* 521 N.E.2d at 348; *Huffman,* 502 N.E.2d at 908. However, the defendant was charged with delay E caused by his failure to strike from the panel by the June 4 deadline. Assuming that both this 56–day period and delay D were chargeable to the defendant, the ultimate deadline would have been September 13.

■ The defendant was also charged with the 34–day delay F from the appointment of Judge O'Conner as special judge to the drawing of a new panel when Judge O'Conner declined to accept the case. The Court of Appeals reasoned that this period fell within *Loyd*'s unavailable personnel exception. We disagree. *Loyd* should not be extended to this situation. The purported "exigent circumstance" here results from the trial judge's improper naming of a special-judge panel, not from an extrinsic emergency or lack of a qualified judge. As indicated earlier, Judge Long had jurisdiction, pursuant to our order, to hear the case. He should have continued the case as provided in the rule rather than set up a mechanism which further delayed the defendant's trial.

■ Trial was not held on or before June 9, July 19, or September 13. All the defendant needed to do thereafter was to move

for discharge. *State v. Bondurant* (1987), Ind.App., 514 N.E.2d 301; *State v. Tomes* (1984), Ind.App., 466 N.E.2d 66, 70. On November 13, 1987, after the time required by Crim.R. 4(C) had completely elapsed, the trial court set trial to commence on February 15, 1988. The defendant moved for discharge on January 14, 1988. It was overruled, and his trial commenced as finally scheduled. A defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires such that the court cannot reset the trial date within the time allotted by the rule. *Tomes*, 466 N.E.2d at 70.

The Court of Appeals erroneously attributed to the defendant delay G, which ran from the September 15 deadline for striking from the second panel to the date of his striking, October 1, 1987. Because the deadline had already passed, this delay is of no moment.

As in *Huffman*, this Court is confronted with setting aside a defendant's conviction and negating the efforts and result of a jury trial. Our unavoidable responsibility in this case, however unpleasant, is clearly delineated in Crim.R. 4(C). This defendant was not brought to trial within the required time period and he was entitled to discharge when he so moved. We grant transfer, vacate the decision of the Court of Appeals, reverse the defendant's convictions, and order that he be discharged accordingly.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.