Michael NANCE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9209–CR–316.

Court of Appeals of Indiana,
Fourth District.

March 10, 1994.

Monica Foster [1], Hammerle & Foster, Janet S. Dowling, Lorinda Meier Youngcourt, Evans Dowling & Youngcourt, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

## Case Summary

Defendant–Appellant, Michael Nance ("Nance") appeals his convictions for conspiracy to commit dealing in cocaine, a class A felony, dealing in marijuana, a class C felony, possession of marijuana, a class D felony, and carrying a handgun without a license, a class A misdemeanor. Nance appeals the trial judge's denial of his motion to dismiss under Indiana Criminal Rule 4(C). We reverse.

## Issue

Nance presents several issues for review, but we address only one, because it is dispositive: whether the trial judge properly denied his motion to dismiss under Criminal Rule 4(C).

## Facts and Procedural History

Nance was arrested on April 6, 1990, and tried before a jury on March 2, 1992, 695 days after his arrest. The jury convicted him of three felonies: conspiracy to commit dealing in cocaine, dealing in marijuana, possession of marijuana; and carrying a handgun without a license, a misdemeanor. He was sentenced on June 1, 1992, to a total of thirty (30) years, with fifteen (15) years suspended and fifteen (15) years executed. Additional facts will be supplied as needed.

## Discussion and Decision

Criminal Rule 4(C) requires the State to bring a defendant to trial within 365 days of his arrest, unless conditions exist which allow time extensions. *E.g., Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271 (congestion of court calendar); *Burdine v. State* (1987), Ind., 515 N.E.2d 1085, *reh'g denied* (delays

---

**1.** After accepting the appellant's case and filing a brief on his behalf, Ms. Foster discovered that she had served as the Judge pro tem at the initial hearing in this matter. She sought this court's guidance regarding the potential conflict of interest. Ms. Foster was ordered by this court to withdraw her representation of the appellant in this case in order to avoid the appearance of impropriety.

attributable to defendant's motion or act). Criminal Rule 4(C) states that:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later, except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar ...

The duty to bring a defendant to trial within one year is an affirmative one which rests with the State. *Butts v. State* (1989), Ind.App., 545 N.E.2d 1120, 1124. The defendant has no obligation to remind the court of the State's duty, *Id.*, nor is he required to take any affirmative steps to see that he is brought to trial within the period. *State ex rel. O'Donnell v. Cass Super.Ct.* (1984), Ind., 468 N.E.2d 209. The defendant only has a duty to object if the trial court sets a trial date outside of the one year period. *Butts,* 545 N.E.2d at 1124.

Nance was charged on April 6, 1990. The one year time period under Criminal Rule 4(C) began to run on that date. *State v. Smith* (1986), Ind.App., 495 N.E.2d 539, 541, *reh'g denied.* Therefore, Criminal Rule 4(C) required that he be tried by April 6, 1991, unless circumstances justified extensions. The time period from April 6, 1990, to March 18, 1991, 346 days, was all time that would run against the State. Although Nance made several requests for continuances during this time, such requests are only charged against the defendant, thereby increasing the amount of time the State has to bring him to trial, if a trial date is set when the request is made. *Solomon v. State* (1992), Ind.App., 588 N.E.2d 1271, 1272. However, at the first hearing on the issue of a possible Criminal Rule 4(C) violation on June 18, 1991, Nance conceded, albeit incorrectly, that 77 days of this period were chargeable to him because of the continuances. Therefore, the 77 days were properly attributed to the defendant because of this concession. *Morrison v. State* (1990), Ind.,

555 N.E.2d 458, 461, *trans. denied.* Therefore, as of March 18, 1991, 269 days were charged to the State, giving it 96 more days within which to bring Nance to trial.

The next series of events caused a total of 145 days to be charged to Nance. At the March 19, 1991, pre-trial conference Nance requested that the trial court refrain from setting a trial date until he had time to review some videotaped evidence. The State objected and asked that a trial date be set, but the court granted Nance's request and did not set a trial date. Therefore, the period from March 19, 1991 to the next pre-trial conference on April 16, 1991 is chargeable to Nance. He did not simply ask for a continuance during a time when a trial date had not been set; rather, he explicitly asked the trial court not to set a trial date. He can not now be allowed to claim that this time period should not be attributed to his actions where the trial court merely granted his request. Just as a civil litigant can not appeal a decision in his favor, neither can a criminal defendant. *E.g., Kerns v. Garrigus* (1959), 130 Ind.App. 133, 162 N.E.2d 313.

Next, on April 16, 1991, the court set a trial date of June 24, 1991. Nance objected to the trial date and the court held a hearing on the Criminal Rule 4(C) issue. The trial court correctly ruled that, at that point, Criminal Rule 4(C) had not been violated and that the June 24, 1991, trial date (69 days away) was within the time allotted to the State. In fact, the State had an extra twenty-seven (27) days past the scheduled trial date in which to try Nance. On June 24, 1991, Nance requested a continuance when a trial date had been set, thus, the ensuing delay is attributable to him. On August 26, 1991, Nance pled guilty, but filed a motion to withdraw the guilty plea on October 4, 1991, which the court granted on October 18, 1991. The time resulting from Nance's guilty plea and its withdrawal is properly charged to him up until October 18, 1991. *Wilson v. State* (1993), Ind.App., 606 N.E.2d 1314. Thus, 145 days plus the 77 days to which he conceded equals a total of 222 days attributable to Nance.

As of October 18, 1991, the State still had twenty-seven (27) days in which to bring Nance to trial. However, at the pre-trial conference on that date, the trial court merely set another pre-trial conference and did not set a trial date. Again, at the next pre-trial conference on November 19, 1991, the trial court did not set a trial date. Moreover, thirty-two days had passed, thus the State passed the one year aggregate date of November 14, 1991. There is no reason given in the record for either delay. When the record is silent concerning the reason for the delay, it is not attributable to the defendant. *Morrison*, 555 N.E.2d at 461.

The next pre-trial occurred on December 3, 1991. The record for December 3, 1991, shows that although Nance requested a trial date, a final pre-trial, without a trial date, was set for January 7, 1992. Nance did not have the obligation to object on November 19, 1991, or December 3, 1991, because no trial date had been set to which he could object. *Everroad v. State* (1991), Ind.App., 570 N.E.2d 38, 45, *affm'd in part, rev'd in part on other grounds*, 590 N.E.2d 567 (1992), *trans. denied*. Nance requested that the court listen to some taped conversations, but he did not request a continuance or another pre-trial conference. It is not apparent from the record why the court caused a delay by setting another pre-trial instead of a trial date. Where the record is silent or ambiguous about the reason for the delay, it is not attributable to the defendant. Even if Nance had requested a continuance, it would not be chargeable to him because the court had not set a trial date. *Morrison*, 555 N.E.2d at 461. The thirty-six (36) day delay is not attributable to Nance.

On January 7, 1992, outside the State's time period under Criminal Rule 4(C), the court set a trial date for March 2, 1992, without objection from Nance. However, the Indiana Supreme Court has held that:

> [a] defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires, such that the court cannot reset the trial date within the time allotted by the rule.

*Id.* at 463. After the one year period passed, Nance's only duty was to object prior to trial. *Solomon*, 588 N.E.2d at 1272. Nance made a motion to dismiss just before his jury trial began on March 2, 1992. Because Nance's trial was set for 79 days after the aggregate one year allotted for trial under Criminal Rule 4(C), the trial court improperly denied Nance's motion to dismiss.

Reversed.

MILLER and SULLIVAN, JJ., concur.