687 N.E.2d 1215 (1997)
Brad E. FRISBIE, Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 45A03-9704-CR-126.
Court of Appeals of Indiana.
November 10, 1997.
Rehearing Denied January 29, 1998.
*1216 Michael N. Pagano, Hammond, for Appellant.
Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee.

OPINION
HOFFMAN, Judge.
Appellant-defendant Brad E. Frisbie filed an interlocutory appeal in which he appeals the trial court's denial of his motion to dismiss, pursuant to Ind.Crim.Rule 4(C). The facts relevant to the appeal follow.
On December 15, 1994, the State filed an information against Frisbie charging him with residential entry, as a Class D felony, and invasion of privacy, as a Class B misdemeanor. Frisbie had already been arrested. On March 7, 1995, Frisbie was arraigned. At the arraignment, inter alia, a mandatory disposition conference (MDC) was set for September 7, 1995. On that day, Frisbie, by counsel, waived his initial hearing, requested discovery, and requested that the court set an omnibus hearing/MDC. The hearing was set for December 7, 1995. When Frisbie appeared before the trial court on December 7, 1995, he requested a continuance, and the trial judge set the hearing for February 8, 1996. On that day, Frisbie again requested a continuance, and a pretrial conference was set for June 6, 1996. On June 6, 1996, Frisbie requested another continuance, and the pretrial conference was reset for July 11, 1996. On that day, Frisbie requested yet another continuance, and the trial court reset the pretrial conference for January 14, 1997, and set a bench trial for March 19, 1997.
Thereafter, on July 23, 1996, Frisbie requested a continuance, and the trial court reset the pretrial conference for October 16, 1996. On October 21, 1996, Frisbie requested a continuance, and the trial court again reset the pretrial conference for January 14, 1997, and the bench trial for March 19, 1997. On January 14, 1997, Frisbie requested his final continuance, and the pretrial conference was reset for February 11, 1997. On February 11, 1997, Frisbie filed his motion for discharge contending that the State failed to bring him to trial within one year of his arrest as required by Crim.R. 4(C). A hearing was held, and the motion was denied on February 18, 1997. Frisbie now appeals.
The sole issue for our review is whether the trial court erred in denying Frisbie's motion to dismiss under Crim.R. 4(C).
Frisbie argues that he is entitled to discharge because he was not brought to trial within one year, and he is not chargeable with any delay. Crim.R. 4(C) reads in relevant part:

*1217 No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.] ...
Simply put, a defendant is responsible for any delay caused by his action, including seeking or acquiescing in any continuance. Wheeler v. State, 662 N.E.2d 192, 193 (Ind.Ct.App.1996). If a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly. Id.
Frisbie contends that, although he filed numerous motions for continuance which resulted in subsequent delays, the State still failed to bring him to trial within the statutory prescribed limit of one year. According to Frisbie, none of the delays occasioned by his request for continuances were attributable to him because continuances prior to the setting of trial are charged to the State.
In support of his argument that the State should be charged for the delay caused by his continuances, Frisbie cites State ex rel. O'Donnell v. Cass Superior Ct., 468 N.E.2d 209, 211 (Ind.1984) and Morrison v. State, 555 N.E.2d 458, 461 (Ind.1990), trans. denied, for the proposition that for Crim.R. 4(C) purposes, a defendant is not charged with a continuance for which he moves or to which he agrees before a trial date is set. In O'Donnell, our supreme court determined that an agreed continuance, which occurred prior to the trial setting, was not attributable to the defendant because the defendant did not realize at that point that the trial date would be set beyond the boundaries of the rule, and foremost, because the defendant notified the trial court within two days of the trial setting that the date was outside the rule's time frame. In dictum, the majority states, "When a defendant has agreed to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for the purposes of Ind.R.Cr.P. 4(C)." O'Donnell, 468 N.E.2d at 211. (Emphasis added.) In Morrison, our supreme court found that the delay prior to a trial setting was properly charged to the defendant, inasmuch as the defendant had conceded accountability of that particular time period. Morrison, 555 N.E.2d at 461. A careful review of the language of these two cases discloses that neither supports a conclusion that the defendant may request continuances without accountability.
Here, the information charging Frisbie with residential entry and invasion of privacy was filed December 15, 1994. Thus, the one-year period within which the State could prosecute Frisbie under Crim.R. 4(C) expired on December 15, 1995, assuming that he was not responsible for any delay. The record reveals, however, that starting December 7, 1995, Frisbie sought several continuances. At least two of the continuances were sought because Frisbie changed lawyers. These delays were chargeable to Frisbie. See Andrews v. State, 441 N.E.2d 194, 199 (Ind.1982). The other continuances were at the request of Frisbie's counsel. In all, Frisbie requested seven continuances that lasted from December 7, 1995 until February 11, 1997. On February 11, 1997, Frisbie filed his motion to dismiss.
In sum, the record discloses that Frisbie was responsible for the delay starting December 7, 1995. This delay was extended on February 8, 1996; June 6, 1996; July 11, 1996; July 23, 1996; and January 14, 1997. This extended delay totaled 396 days. Accordingly, the new deadline was pushed back 396 days from January 14, 1997, to February 13, 1998. Therefore, the trial court properly denied Frisbie's motion for discharge.
Affirmed.
GARRARD, J., concurs.
DARDEN, J., dissents with separate opinion.
DARDEN, Judge, dissenting.
I respectfully dissent. I first note two facts not discussed in the majority opinion and which I find particularly troublesome:
*1218 Frisbie was charged on December 15, 1994, but the next day the trial court scheduled his arraignment nearly three months henceon March 7, 1995; and Frisbie's written request for a jury trial appears to have been simply ignored and the matter set for bench trial. These facts aside, I cannot agree with the majority's conclusion that Frisbie's motion for discharge was properly denied.
Our supreme court described the 1881 statutory predecessor to Ind.Crim. Rule 4(C) as "a limitation upon the right of the state to hold a person by recognizance to answer a criminal charge." Zehrlaut v. State, 230 Ind. 175, 102 N.E.2d 203, 207 (1951). Citing Art. 1, § 12 of Indiana's Constitution, which directs that justice be administered "speedily, and without delay," id., 102 N.E.2d at 206 (italics in original), the court found the provision to "cast no burden upon the defendant" but rather to "cast an imperative duty upon the state and its officers, the trial courts and prosecuting attorneys, to see that a defendant held on recognizance is brought to trial." Id. at 207. The court continued as follows:
It is not a fault of the defendant if he remain silent while under recognizance, on the contrary, that is his right. He is not required to make any demand of the state or the court for a speedy trial. That demand is effectively made for him by the constitution and [the instant] implementing statute, and this demand thus made the state may not ignore without incurring the penalty [of discharge] provided by the statute.
Id., 102 N.E.2d at 207. The vitality of Zehrlaut was affirmed in Huffman v. State, 502 N.E.2d 906 (Ind.1987).
The majority labels as dictum the following statement in State ex rel. O'Donnell v. Cass Superior Court, 468 N.E.2d 209, 211 (Ind. 1984):
When a defendant has agreed to a continuance prior to the setting of any trial date, those days shall not be attributed to the defendant for the purposes of Ind. R. Cr. P. 4(C).
In O'Donnell, the State had argued that "when a defendant has either agreed to a State sought continuance or by his actions has acquiesced to a continuance then the delay is chargeable to the defendant." Id. at 210. Therefore, I read the quoted statement as directly responding to this argument of the State and consequently not constituting dictum.
The majority further cites Morrison v. State, 555 N.E.2d 458, 461 (Ind.1990), for our supreme court having found that the delay prior to a trial setting was properly charged to a defendant who had conceded accountability for that time period. However, during the initial time period for which Morrison had conceded accountability, a trial date comporting with Crim.R. 4 had been set by the court. Therefore, I cannot agree that the single cited portion of the serial analysis discussing Morrison's complex chronology may alone sustain the majority's conclusion.
Because a matter which has not been set for trial within one year cannot be tried within one year, I believe that the Indiana Constitution and Crim.R. 4(C) obligate the trial court to set a trial date within one year. See Zehrlaut. The accused has no duty to make sure that a trial court does so. Id. The record reveals that at various times within that one year period, the Frisbie matter was set for "MDC," "OH/MDC," or "PTC," and Frisbie requested a continuance. Requesting a continuance for any of these would not constitute requesting a continuance of a trial date. Requests for a continuance "are only charged against the defendant, thereby increasing the amount of time the State has to bring him to trial, if a trial date is set when the request is made." Nance v. State, 630 N.E.2d 218, 220 (Ind.Ct.App.1994) (citing Solomon v. State, 588 N.E.2d 1271, 1271 (Ind.Ct.App.1992)). Therefore, I find the majority's discussion of delays chargeable to Frisbie inapposite.[1] The trial court did not *1219 set a trial date (of March 19, 1997) until July 11, 1996, more than eighteen months after charges were filed against Frisbie. Accordingly, I would reverse the order denying discharge.
NOTES
[1] Moreover, the majority states that "two of the continuances were sought because Frisbie changed lawyers." The record reveals that on two occasions when a continuance was sought by Frisbie's counsel, a different name appeared for Frisbie's counsel than on prior entries. However, the record does not indicate the reason that either continuance was requested. Therefore, I do not believe we can properly conclude that these continuances were sought because Frisbie changed lawyers.