Joseph D. **DIEDERICH**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 29S02–9810–CR–541.

Supreme Court of Indiana.

Dec. 9, 1998.

---

J.J. Paul, III, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Charges had been pending against appellant Joseph Diederich for nearly a year when the trial court set a trial some six months off. Defense counsel mailed an objection two working days later and moved for discharge. The trial court said he had not acted promptly enough because he had used the mail rather than fax or hand delivery. The Court of Appeals affirmed. We grant transfer and reverse.

On October 28, 1996, when the State indicates that 256 days had elapsed in Diederich's case, the trial court set the matter for trial in April 1997. It sent the notice by mail, and the notice arrived in defense counsel's office on Thursday afternoon, October 31. Staff brought the notice to counsel's attention the next day, Friday afternoon the 1st, and counsel assigned an associate to work over the weekend drafting an objection.

Diederich's counsel mailed this objection to the court on Monday, November 4th. The court clerk marked it as filed on Wednesday, November 6th. The Attorney General calculates that the Criminal Rule 4 period expired on November 8th.

Criminal Rule 4(C) provides that "No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . ."

A defendant is not obliged under this rule to push the matter to trial. On the other hand, a defendant whose trial is set outside the one-year period must object to the setting at the earliest opportunity or be deemed to have waived his right to discharge under the rule. *Little v. State*, 275 Ind. 78, 415 N.E.2d 44 (1981).

Ruling on Diederich's motion for discharge, the trial court held that the defendant's use of first-class mail when the one-year period was so close to running out did not constitute objection "at the earliest opportunity, such as by fax machine, telephone, or hand delivery." R. at 69. A divided Court of Appeals affirmed. *Diederich v. State*, No. 29A02–9709–CR–608, 699 N.E.2d 799 (Ind.Ct.App., July 24, 1998). The majority said that "Diederich could have informed the court of his objection to the trial date in a more timely manner by use of fax or telephone." Slip op. at 6. Judge Mattingly dissented, noting that the defendant had "responded promptly in the same manner by which he was served with notice of the new trial setting." Diss. op. at 12.

We are satisfied that the defendant did object with a dispatch and in a manner adequate to enforce his rights under Criminal Rule 4. While it is true that there was very little time left to conduct a trial at the moment when Diederich tendered his objection, the real reason for the shortness of time was not the defendant's use of the U.S. Mail but the prosecutor's decision much earlier in the game to let the matter pend in another court for 215 days before dismissing without prejudice.

Accordingly, we reverse the trial court and order the defendant discharged.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.