**Tad E. RITCHISON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 43A04–9808–CR–396.

Court of Appeals of Indiana.

March 30, 1999.

Rehearing Denied June 7, 1999.

---

Kurt Bentley Grimm, Grimm & Grimm Auburn, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General Indianapolis, Attorneys for Appellee.

## OPINION

GARRARD, Judge

In this interlocutory appeal, Tad Ritchison argues that the trial court committed an error of law or abused its discretion in overruling and denying his motion for discharge pursuant to Criminal Rule 4(C).

For clarity's sake, we have numbered the relevant facts and procedural history as follows:

1. May 17, 1997—Ritchison was arrested.

2. May 21, 1997—The State charged Ritchison with Operating a Vehicle While Intoxicated, a class A misdemeanor, as well as the D felony enhancement.

3. May 22, 1997—The trial court held an initial hearing advising Ritchison of his speedy trial right.

4. July 7, 1997—Ritchison demanded a jury trial.

5. August 25, 1997—A telephonic status hearing was held. Plea negotiations began around this time.

6. Some time in February—The State sent a letter to defense counsel asking the status of the State's pending plea proposal, but received no response.

7. May 13, 1998—The State left a message for defense counsel about a trial setting, but received no response.

8. May 14, 1998—The State filed a motion seeking a jury trial setting, but received no response from defense counsel. A trial date was set for May 21, 1998. Attempts to notify defense counsel of the May 21, 1998 date were unsuccessful. The secretary at Ritchison's counsel's office stated that defense counsel was out of the office and that he would be leaving for vacation outside of Indiana until after May 25, 1998.

9. May 19, 1998—The State filed and the trial court granted a motion for continuance of the jury trial due to a congested court calendar. Record at 37. The trial court found that it had previous matters scheduled on May 21, 1998, including: three criminal sentencings, four criminal change of plea hearings, one modification of sentence hearing, two criminal initial hearings, and thirty-two civil hearings. Record at 47. The jury trial was continued to July 30, 1998.

10. May 29, 1998—Ritchison filed an objection to the July 30, 1998 trial date and a Criminal Rule 4(C) motion for discharge. A hearing on the matter was scheduled.

11. June 11, 1998—Ritchison filed a motion asking the court to take judicial notice of its calendar and official court reporter's log and to make those documents a part of the record. The State did not respond to, and the trial court did not rule upon, that particular motion.

12. July 16, 1998—The trial court issued an order denying Ritchison's motion for discharge.

13. July 20, 1998—Ritchison filed a petition to certify for interlocutory appeal the denial of his motion. The trial court granted the petition and we agreed to address the matter.

Further facts shall be provided as necessary.

The United States Supreme Court declared the Sixth Amendment right to a speedy trial enforceable against the states. *Gilmore v. State*, 655 N.E.2d 1225, 1227 (Ind. 1995). "Acknowledging Indiana's obligation to provide a speedy trial, we specifically implemented an accused's right to a speedy trial with Indiana Rule of Criminal Procedure 4." *Jackson v. State*, 663 N.E.2d 766, 767 (Ind.1996).

Ritchison's argument is three-fold. First, he contends that he had no affirmative duty to ensure that he was brought to trial within one year and that he should not be charged for any delay which he caused or acquiesced to prior to his trial date being set. Second, he claims that the State's motion for continuance did not comply with Criminal Rule 4(C). Third, he argues that the trial court's finding of congestion is clearly erroneous.

Ritchison is correct in asserting that the duty to bring a defendant to trial within one year is an affirmative one which rests with the State, and that the defendant has no obligation to remind the court of the State's duty. "A defendant is not obliged under [Criminal Rule 4(C)] to push the matter to trial." *Diederich v. State*, 702 N.E.2d 1074, 1075 (Ind. 1998) (also noting that a defendant whose trial is set outside the one-year period must object to the setting at the earliest opportunity or be deemed to have waived his right to discharge under the rule); *see also Nance v. State*, 630 N.E.2d 218, 220 (Ind.Ct.App.1994). The second part of his first argument, that he should not be charged for any delay which he caused or acquiesced to prior to his trial date being set, is more complex.

We have stated, "[i]f a defendant seeks or acquiesces in any continuance, or if the delay is caused by his own motion or action, the one-year statute is extended accordingly." *Vaillancourt v. State*, 695 N.E.2d 606, 609 (Ind.Ct.App.1998), *trans. denied; see also*

*Frisbie v. State*, 687 N.E.2d 1215, 1216 (Ind. Ct.App.1997), *trans. denied; Wheeler v. State*, 662 N.E.2d 192, 193–94 (Ind.Ct.App. 1996). However, we have also stated, "[w]hen a defendant agrees to a continuance before a trial date is set, those days are not attributed to the defendant for purposes of Crim.R. 4(C)." *Solomon v. State*, 588 N.E.2d 1271, 1272 (Ind.Ct.App.1992); *see also Nance*, 630 N.E.2d at 220.

*Vaillancourt* did not involve a defendant causing delays *prior* to the time his trial date was set. Neither *Frisbie* nor *Wheeler* dealt with delay occasioned by plea agreement negotiations. Although we conclude that *Vaillancourt, Frisbie,* and *Wheeler* are distinguishable from Ritchison's case, we are not persuaded that *Solomon* and *Nance* necessarily determine our resolution of this issue.

Unlike the defendants in *Solomon* and *Nance*, Ritchison did not simply agree to a continuance before a trial date was set. Ritchison, through his counsel, took *affirmative action* to stop the running of the speedy trial time period. During an August 25, 1997 pretrial conference, Ritchison's counsel indicated that the parties were in the process of negotiating a settlement and stated that a trial date would not be necessary. In February of 1998, the State sent a letter to Ritchison's counsel asking the status of the State's pending plea proposal. Ritchison's counsel did not respond. On May 14, 1998, the State filed a motion seeking a jury trial setting, and a trial date was set for May 21, 1998. Under these particular circumstances, Ritchison was properly charged for the delay. *See Miller v. State*, 650 N.E.2d 326, 329 (Ind.Ct. App.1995), *trans. denied,* (noting that delay is not chargeable to defendant, for purposes of speedy trial claim, where defendant has engaged in informal plea negotiations with the State, unless it appears that defendant's acts caused actual delay in scheduling of trial).

Thus, the Criminal Rule 4 timetable was tolled during the negotiations which occurred from approximately August 25, 1997 through February of 1998. As such, that six month time period is attributable to Ritchison, and does not count against the State for purposes of a Criminal Rule 4 motion. Adding six

months to the original May 21, 1998 date, we conclude that the Criminal Rule 4 time was extended to November of 1998.

■ Upon the State's motion, the trial court continued Ritchison's trial date from May 21, 1998 to July 30, 1998. The July 30, 1998 trial date was well before the expiration of the revised November 1998 Criminal Rule 4(C) time period. Likewise, the Criminal Rule 4(C) time period was further tolled by Ritchison's action in filing this interlocutory appeal. Accordingly, even if it was clearly erroneous for the trial court to have found that its calendar was congested on May 21, 1998, and even if the State's motion for continuance did not comply with Criminal Rule 4(C), Ritchison's motion for discharge was properly denied.[1]

■ To reach any other result would be to encourage defendants to improperly utilize the rule. Any defendant could inform a court that no trial date was necessary, but then later move for a discharge when the one-year time period expired. Criminal Rule 4's purpose is to ensure early trials, not to permit defendants to escape trials by manipulating the means designed for their protection. *See State Ex Rel. O'Donnell v. Cass Superior Court*, 468 N.E.2d 209, 211 (Ind. 1984). Our decision supports the intent of the rule.

Affirmed.

BAKER, J. concurs.

ROBB, J. dissents and files separate opinion.

ROBB, Judge, dissenting

I respectfully dissent from the majority opinion. The majority bases its decision on the alleged representation to the trial court by defense counsel that no trial date was

necessary. Without deciding whether this representation was delay attributable to the defendant, I conclude that there is simply no evidence to support that such a representation was ever made. In fact, the trial judge admits as much in his findings:

> 6. On or about July 22, 1997, Kurt Bentley Grimm and Chief–Deputy Prosecuting Attorney, Byron L. Tinkey, held a pretrial conference. Counsel for both parties appeared in chambers following pretrial conference. Defendant's counsel indicated that the parties were in the process of negotiating a settlement and that a trial date would not be necessary.
>
> 7. *The Court has no written records or recorded proceedings in regard to the pretrial conference in this matter.*

(R. 46–47) (emphasis added). Not only does the trial court expressly acknowledge that there is no evidence in the record to support finding number six, there is actually evidence in the record which contradicts much of the factual information contained in the finding. The record does not indicate that a conference was held on or about July 22, 1997.[2] The only evidence in the record referring to a pretrial conference states that a conference was held on August 25, 1997; moreover, this memo indicates that the conference was not held in person in the trial judge's chambers, but that the conference was "held telephonically." (R. 33).[3] Curiously, the trial court reiterated these contradictory facts in finding number eight wherein the trial court stated:

> 8. On August 25, 1997, Chief Deputy Prosecuting Attorney, Byron L. Tinkey, filed a memo that stated "Hearing held telephonically", [sic] (in regard to status conference).

(R. 47). Because finding number six is not supported by any evidence whatsoever, I conclude that the finding is clearly errone-

1. By using this language, we do not mean to imply that it was clearly erroneous for the trial court to have found that its calendar was congested on May 21, 1998 or that the State's motion for continuance did not comply with Criminal Rule 4(C).

2. The chronological case summary indicates that the pretrial conference was originally set for July 22, 1997; however, neither the chronological

case summary nor any other document in the record indicate that the conference was held on this date. Indeed, even the majority opinion states that the pretrial conference occurred on August 25, 1997.

3. The State acknowledges the trial court's mistake in its brief. *See* Brief of Appellee, page 6, n.1.

ous, and therefore, this court should not consider the same. *See Stahl v. State*, 686 N.E.2d 89, 91 (Ind.1997) (stating that factual determinations by the trial court with regard to the admissibility of evidence are entitled to the same deference on appeal *as any other factual findings*, whether that is described as a "clearly erroneous" or an abuse of discretion standard); *see also Gilliam v. State*, 650 N.E.2d 45, 49 (Ind.Ct.App.1995) ("Whether the parties were engaged in plea negotiations is a question of fact for the trial court which we review only for clear error.").

Nevertheless, given the procedural facts of this case, I feel compelled to state that even if the record contained some evidence of defense counsel's alleged statement, I would still conclude that the six month delay is erroneously attributed to Ritchison. First, there is nothing in the record to show the delay in setting the trial had anything to do with this statement nor is there any evidence that the prosecutor relied on this representation in failing to set a trial date. Additionally, nothing in the nature of plea negotiations prevents or inhibits the State or the trial court from scheduling a trial date. *See State v. Smith*, 495 N.E.2d 539, 541–42 (Ind.Ct. App.1986). It is unreasonable for the State to rely on the representation alleged in this case for six months without ever requesting a trial date, particularly when the State had no contact with Ritchison during this entire period. Furthermore, I believe it violates the intent of Criminal Rule 4(C) to attribute such delay to Ritchison. The majority opinion holds that the six month delay runs from the time of defense counsel's alleged statement to the time when the State finally attempted to contact defense counsel regarding the status of plea negotiations. Thus, the longer the State ignored Ritchison's case, the longer it could delay bringing him to trial. The majority opinion essentially holds that the more negligent the State is in bringing Ritchison to trial, the more delay is attributable to Ritchison. Such a result is in contravention of the intent of Criminal Rule 4(C).

Not surprisingly, the State did not make such an argument to the trial court. In its motion for continuance due to a congested court calendar, the State impliedly acknowledged that the timetable under Criminal Rule 4(C) expired on May 22, 1998. As well, in its order denying Ritchison's motion for discharge, the trial court impliedly acknowledged the same.[4] I conclude that the State's argument regarding the alleged six month delay is an attempt, offered on appeal for the first time, to provide justification for its inexcusable delay in bringing Ritchison to trial.

Regardless, there is no evidence of defense counsel's statement in the record, and without such, this court should not consider the State's argument in this regard. Thus, I reach the issue of whether the trial court's order finding that the trial should be continued due to a congested court calendar was proper. Pursuant to Criminal Rule 4(A) and (C), the State may seek a continuance due to a congested court calendar if he or she makes such a motion not later than ten days prior to the date set for trial. Crim. Rule 4(A) and (C). If the motion is filed less than ten days prior to trial, the prosecutor must show that the delay in filing said motion was not the fault of the prosecutor. In this case, the trial was set for May 21, 1998. The State moved for a continuance on May 19, 1998, only two days before the trial date and only five days after the trial date was set. Thus, pursuant to the requirements of Criminal Rule 4(A) and (C), the prosecutor was required to show that the delay in filing the motion was not the fault of the prosecutor. In its motion for a continuance because of a congested court calendar, the State alleged the following attempts to contact defense counsel:

1. This cause was filed on 5–22–98[sic].[5]

\*     \*     \*     \*     \*     \*

6. The State sent a letter in February to defendant's counsel asking the status of the State's pending plea proposals. No response was received by the State.

---

4. In this order, the trial court finds that the State filed its information on May 21, 1997; however, the State's motion for continuance due to a congested court calendar and the chronological case summary state that the State filed its information against Ritchison on May 22.

5. This date should read 5/22/97.

7. That the State left a message for defense counsel about a trial setting in this matter on 5–13–98. The State has received no response to this message.

8. That the State filed a motion to set this matter on or before 5–21–98 on the 17th of May 1998[sic].[6] The State received no response from Defendant's counsel after filing this motion.

9. On May 18, 1998, the State was told by Kurt Grimm's office that defense counsel would be on vacation from May 18, 1998 to June 1, 1998. The State also left a message on 5–18–98 for Jody, defense counsel's secretary/paralegal to call regarding the court's setting of this matter for trial. As of this day the State has received no response to this message.

(R. 35). Based on the State's motion for continuance due to a congested trial calendar, I conclude that the delay in bringing the motion was the fault of the prosecutor. Whether or not defense counsel failed to return the prosecutor's calls in February did not in any way prevent the prosecutor from filing a request for a trial date.[7] The other subsequent delays reiterated in findings seven through nine occurred within ten days of the trial date, and therefore, the prosecution can not show that these delays prevented him or her from bringing their motion prior to ten days before trial.

In truth, the State could not bring its motion prior to ten days before trial because the State did not even request a trial date until eight days before the expiration of the timetable under Criminal Rule 4(C). In fact, the trial date itself was scheduled one day before the timetable under Criminal Rule 4(C) expired. The State requested a trial date on May 14th, and on that same day, the trial court scheduled the trial for May 21st. Only five days later and two days before trial, the State moved for a continuance due to a congested court calendar. It defies sincerity and veracity to claim that the trial court's calendar was not congested on the 14th of May but became mysteriously congested only five days later. Based on this series of events, I come to the inescapable conclusion that the State was forced to move for a continuance because of its own negligence in waiting until the last minute to schedule Ritchison's trial. Accordingly, I conclude that the State's motion for a continuance based on a congested court calendar was in violation of Criminal Rule 4(A) and (C) in that the motion was made later than ten days prior to trial and the prosecutor failed to show that the State was not at fault in bringing the motion in a timely manner. *See Biggs v. State*, 546 N.E.2d 1271, 1276 (Ind.Ct.App.1989) (holding that the reasonableness of delays due to a congested court calendar must be judged in the context of the circumstances); *see also Baker v. State*, 590 N.E.2d 1126, 1128 (Ind.Ct.App.1992).

The prosecutor's motion is in technical violation of Criminal Rule 4(A) and (C); moreover, I conclude it is in violation of the spirit of the rule. As the majority opinion notes, the purpose of Criminal Rule 4 is to "ensure early trials, not to permit defendants to escape trials by manipulating the means designed for their protection." Op. at 607. Recognizing that it is the State's burden to bring a defendant to trial, I can not identify any act or action by Ritchison which prevented the State from seeking a trial date earlier than May 14th, and therefore, their failure to do so stems only from their own neglect. I conclude that the prosecution's failure to file its congested trial calendar motion before ten days prior to trial is a result of this neglect. If this court would charge delay to a defendant simply because defense counsel fails to return phone calls, we would effectually be placing an affirmative obligation on defendants to bring themselves to trial, a violation of the spirit of Criminal Rule 4. Unlike a continuance or the acceptance of a plea agreement, a refusal to return phone calls does not hamper the State's ability to either set a trial date within one year or bring a

---

6. The chronological case summary indicates that this motion was filed on May 14.

7. In this particular case, defense counsel was on vacation. Notwithstanding the legitimate reason for failing to return the phone call, the prosecutor was never precluded from seeking a trial date.

motion for continuance more than ten days prior to the date of trial.

In conclusion, I believe that the State's motion for continuance due to a congested court calendar was an obvious ruse to avoid the time constraints of Criminal Rule 4(A) and (C). The true purpose of this motion appears to be a last ditch effort to avert the consequences of its obvious neglect in attempting to schedule and conduct a trial only days before the timetable under Criminal 4(C) elapsed. For the foregoing reasons, I would reverse the decision of the trial court.[8]

---

**8.** In addition to the prosecution's motion for continuance being erroneous, I also note that the trial court's determination that its calendar was congested may have been erroneous. The trial court's calendar only reflected three criminal sentencing hearings, four criminal change of plea hearings, one modification of sentence hearing, and two criminal Initial Hearings on May 21st. In short, the calendar showed no criminal trials. The court also stated that thirty-two civil hearings were scheduled; however, "civil settings must give way to criminal settings required by the time limitations in Criminal Rule 4, where the continuance of the civil trial will result in sufficient time to fully prepare for and accommodate the criminal trial." *Gill v. State,* 267 Ind. 160, 165, 368 N.E.2d 1159, 1162 (1977).