Kenneth GILMORE, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–9407–CR–675.

Supreme Court of Indiana.

Oct. 4, 1995.

Belle T. Choate, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana, and Cynthia L. Ploughe, Deputy Attorney General, Office of the Attorney General, Indianapolis, for appellee.

## ON DIRECT APPEAL

DeBRULER, Justice.

This is a direct appeal. Ind. Appellate Rule 4(A)(7). Appellant was originally charged with Murder, Felony Murder, Attempted Robbery, and Robbery in a four count information. Ind.Code Ann. § 35–42–1–1(1) and (2) (West Supp.1992); Ind.Code Ann. § 35–41–5–1 (West 1986); Ind.Code Ann. § 35–42–5–1 (Class A Felony) (West 1986). The trial court dismissed the Attempted Robbery and Robbery charges before trial. In a jury trial, appellant was found not guilty of felony murder, but was found guilty of murder. Appellant was sentenced to sixty years on the murder charge. Ind.Code Ann. § 35–50–2–3 (West Supp. 1994); Ind.Code Ann. § 35–38–1–7 (West 1986).

Appellant claims on appeal that the State's failure to bring him to trial for a time period of two and a half years dating from the filing of the information against him is a denial of his right to a speedy trial under the Constitution of the United States and is therefore fundamental error. U.S. Const. amend. VI.

The evidence presented at trial reveals that appellant shot and killed James Winter on July 24, 1991. A witness identified appellant as the man who shot Winter. An information charging appellant with Winter's murder was filed on July 26, 1991. The probable cause affidavit stated that appellant was seen fleeing the crime scene in an automobile. An arrest warrant for appellant was issued on July 26, 1991. No arrest on this warrant was then made.

■ The State gained knowledge of appellant's imprisonment in Michigan at some point, undeterminable on the basis of this record of proceedings, prior to July 8, 1993, when the Michigan Department of Corrections wrote a letter to the State acknowledging receipt of the warrant for appellant and indicating its filing as a detainer.[1] Appellant was in Michigan serving concurrent sentences of twenty to fifty years plus two years Felony Firearm for Armed Robbery and three to five years plus two years Felony Firearm for Receiving Stolen Property. In a hearing at the 50th Circuit Court in Chippewa County, Michigan, a Michigan judge ordered appellant to return to Indiana to resolve the charges pending against him.

According to the case chronology of the Record of Proceedings, appellant's initial hearing on the Indiana charges was conducted on August 2, 1993. His trial was scheduled for October 25, 1993. A week before the trial, however, appellant moved for and received a continuance. The trial was rescheduled for November 22, 1993. *Sua sponte*, the trial court rescheduled trial for December 20, 1993. Ten days before that date, appellant again moved for and received a continuance, which resulted in yet another change in the trial date. The trial date was then rescheduled for January 24, 1994. Af-

---

1. A detainer is "a request filed by a criminal justice agency with the institution in which the prisoner is incarcerated, asking either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash,* 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985).

ter still another motion and grant of a continuance on appellant's behalf, trial finally began on February 28, 1994, and was concluded on March 1, 1994. The jury found appellant guilty of murder and acquitted him of felony murder. The trial judge sentenced appellant to sixty years.

■ Appellant claims on appeal that the State's delay in bringing him to trial constitutes a violation of his Sixth Amendment right to a speedy trial. U.S. Const. amend. VI. It is to be noted at the outset that appellant did not invoke the procedure for requesting a speedy trial provided in the Interstate Agreement on Detainers (IAD), to which the state of Michigan is also a party. *See* Ind.Code Ann. § 35–33–10–4 (West Supp.1986); Mich.Comp.Laws Ann. § 780.601 (West 1982). Also, there is no claim based upon the Indiana Constitution, art. 1, § 12.[2] Thus, the speedy trial claim arises in this appeal only under the Federal Constitution and upon a record of proceedings without any discrete speedy trial inquiry having taken place in the trial court.

■ The Sixth Amendment right to a speedy trial applies to the states through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The determination of a violation of the Sixth Amendment right to a speedy trial "is a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). A non-exhaustive list of the factors to be considered are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Id.* The determination is necessarily *ad hoc* and determined by the particular circumstances of a given case. *Id.*

■ The first of these factors has a dual role. Length of delay from accusation to trial must be "presumptively prejudicial" to trigger consideration of the speedy trial claim on its merits. *Doggett v. U.S.*, 505 U.S. 647, 650, 112 S.Ct. 2686, 2690, 120 L.Ed.2d

520 (1992). Length of delay also serves as a factor after it has triggered a consideration of the claim on its merits.

In *Ballentine v. State* (1985), Ind., 480 N.E.2d 957, the appellant was charged in an Indiana court while being incarcerated in Mississippi. Almost three years elapsed between the charging of Ballentine and his trial. This Court held that the speedy trial claim had been triggered by the delay. In so holding this Court said:

> In this case, appellant has not shown that any specific quantity of time applies to him, and he cannot claim that he is unfairly denied protection of his constitutional right on that basis since the United States Supreme Court has specifically stated that the right to a speedy trial cannot be measured by a specific quantity of time. Therefore, we utilize the test set out in *Barker*, keeping in mind the admonition of the Supreme Court that none of the four factors alone is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant."

*Ballentine v. State* (1985), 480 N.E.2d at 958, quoting *Barker v. Wingo*, 407 U.S. at 533, 92 S.Ct. at 2193 (1972). Using the *Doggett* measuring interval, the length of delay here is sufficient to trigger consideration of the claim on its merits.

The length of delay from accusation to trial, while presumptively prejudicial, does not have much weight in supporting appellant's claim. At this point, appellant has been convicted. The record of proceedings does not reflect any official, bad faith delay on the part of the State or any benefit gained by the State from that delay. A very modest inference of some negligence in locating appellant in the prison system of a sister state is all that is present. The cause of some of the delay between accusation and the State's forwarding of the warrant was undoubtedly appellant's doing. It was he who fled the crime scene, went to Michigan, and commit-

---

2. Because appellant fails to specifically raise the state constitutional issue in his argument, it is waived. Ind.Appellate Rule 8.3(A)(7); *Clemens v. State* (1993), Ind., 610 N.E.2d 236, 244.

ted crimes there. A great deal of the delay occurring after appellant was returned to Indiana for trial stems from appellant's maneuvers. When he was finally brought back to Indiana, it was he who moved for continuances on three separate occasions. At no time did the State attempt to delay trial once appellant was returned from Michigan and appellant makes no claim that the State purposely tried to delay trial.

Similarly, no assertion of the speedy trial right was made. No motion for discharge or a motion to dismiss was made. Before trial, there was no attempt to contact Indiana or Michigan authorities concerning the pending charges. Indeed, only when a Michigan judge ordered appellant to notify the prosecutor of the pending charges did he assert the right.

Finally, there is no statement that any specific prejudice resulted from the alleged delay. As this court ruled in *Ballentine,* appellant must show specifically how the delay affected his ability to defend himself against the charges. *Ballentine,* 480 N.E.2d at 959. Appellant's brief, however, only reiterates the general interests that any accused has in having a speedy trial. Nowhere in the brief is it specified precisely how the alleged delay could have prejudiced him. There is no claim that the delay resulted in losing evidence or missing witnesses. Thus, without a showing of specific prejudice, the prejudice factor does not support appellant's claim.

In light of these circumstances, we hold that any alleged delay did not deprive appellant of his Sixth Amendment right to a speedy trial.

### Conclusion

Accordingly, the conviction and sentence are affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.