**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN A. KINDLEY**
Lakeville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE PETER SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SCOTT LOGAN,                                      )
                                                 )
    Appellant-Defendant,             )
                                                 )
        vs.              )        No. 20A05-1304-CR-192
                                                 )
STATE OF INDIANA,                                )
                                                 )
    Appellee-Plaintiff.              )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0907-FC-18

**February 28, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Scott Logan (Logan), appeals his conviction for child molestation, a Class C felony, Ind. Code § 35–42-4-3.

We affirm.

## ISSUE

Logan raises two issues on appeal which we state as follows:

1)  Whether Logan was entitled to discharge under Indiana Criminal Rule 4(C); and

2)  Whether Logan was denied his right to a speedy trial.

## FACTS AND PROCEDURAL HISTORY

On April 11, 2009, A.L., Logan's sixteen-year-old daughter went over to Logan's house.  Logan and A.L.'s Mother, Mary Logan (Mother), were separated at the time.  A.L. fell asleep on Logan's bed while reading a book.  A.L. was awoken by Logan's hand underneath her underwear.  Upon realizing what was happening, she pushed Logan's hand away and moved away from him.  The next time A.L. woke up, she found Logan grabbing her breast, and his body was pressed against A.L.  At that point, A.L. moved Logan's hand, got out of bed, and went to another bedroom where she phoned her Mother to pick her up. A.L.'s Mother told her that A.L.'s aunt would pick her up instead.  After picking A.L. up, A.L.'s aunt drove A.L. to Mother.  The next day, Mother filed a complaint.  On July 31, 2009, the State filed an Information charging Logan with child molestation, a Class C felony, I.C. § 35–42-4-3.

On August 11, 2009, Logan's initial hearing was held.  Logan's counsel made an appearance for him and requested a bond reduction.  On September 4, 2009, the trial court

2

also denied Logan's request for a bond reduction. The omnibus hearing was set for November 5, 2009, and a pre-trial conference was scheduled for October 22, 2009. On October 22, 2009, Logan requested a continuance until November 12, 2009. On November 12, 2009, Logan filed a motion to continue and the trial granted his motion, continuing this matter to December 10, 2009. On December 11, 2009, Logan filed a motion to continue and the trial court granted it. On January 13, 2010, Logan filed yet another motion to continue to February 11, 2010. On February 11, 2010, the trial court granted Logan another motion to continue to March 25, 2010.

On March 25, 2010, both parties agreed to set November 8, 2010 as the trial date. On October 28, 2010, the State filed a motion to continue due to court congestion. On November 3, 2010, the trial court vacated the November 8, 2010 trial date and set a pre-trial conference for December 16, 2010 for purposes of setting a new trial date. On December 7, 2010, Logan filed a motion to be released from jail on his own recognizance and the trial court held a hearing December 16, 2010. On January 18, 2011, the State filed a motion to continue due to court congestion. The trial court granted the State's motion and set a pre-trial conference for February 24, 2011. On February 22, 2011, the trial court denied Logan's motion for release on his own recognizance. On February 24, 2011, Logan also filed a motion for discharge pursuant to Crim. R. 4(C). Also by an agreement of the parties, the jury trial was reset for June 20, 2011. On March 9, 2011, the trial court denied Logan's motion for discharge.

On June 8, 2011, the State filed a motion to continue due to court congestion. On June 10, 2011, the trial court granted the State's motion to continue, and set a pre-trial

conference for July 14, 2011. On July 14, 2011, the trial court reset the trial yet again for August 22, 2011. On August 15, 2011, on its own motion, the trial court vacated the August 22 trial date. On September 13, 2011, Logan filed a motion to dismiss based on a violation of his constitutional right to a speedy trial. On September 15, 2011, a pre-trial conference was held and Logan's trial was reset for February 6, 2012. The trial court also set October 6, 2011 as the hearing date for the motion to dismiss. On October 6, 2011, the trial court heard arguments from both sides and took the matter under advisement. On October 31, 2011, the trial court denied Logan's motion to dismiss.

On January 30, 2012, trial court vacated Logan's trial date of February 6, 2012 and set a pre-trial conference for February 23, 2012. On February 23, 2012, both parties agreed on July 9, 2012 as the new trial date. Logan also made an objection that his constitutional right to a speedy trial had been violated. The trial court, however, directed Logan to file his objection, and Logan filed his motion to discharge the next day. On May 1, 2012, Logan filed a petition for writ of mandamus and a writ of prohibition. On May 24, 2012, our supreme court granted Logan's request to be released on his own recognizance but denied his request for discharge under Crim.R. 4(C). On May 25, 2012, the trial court ordered Logan to be released from jail. On May 31, 2012, Logan's matter was continued due to court congestion but both parties agreed to September 17, 2012 as the new trial date. On September 11, 2012, trial court continued the matter due to court congestion. On September 17, 2012, a pre-trial conference was held and both parties set the trial date for February 11, 2013. On February 6, 2013, Logan filed a motion renewing his February 24, 2011 motion for discharge pursuant to Crim. R. 4(C) and also his September 13, 2011

4

motion to dismiss based on a violation of his constitutional right to a speedy trial. On February 7, 2013, the trial court denied Logan's motion. On February 11-12, 2013, a jury trial was conducted. At the close of the evidence, the jury found Logan guilty as charged. On March 7, 2013, the trial court sentenced Logan to six years.

Logan now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I.    *Criminal Rule 4(C )*

Logan first argues that the trial court erred in denying his motion for discharge pursuant to Criminal Rule 4(C). Crim. R. 4(C) sets forth the time limits in which a defendant must be brought to trial and provides in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because congestion of the court calendar.

The State's duty to try the defendant within one year is an affirmative duty and the defendant is under no obligation to remind the State of its duty. *Marshall v. State,* 759 N.E.2d 665, 668 (Ind. Ct. App. 2001). However, when a trial date is set beyond the one-year limit provided under Rule 4(C), the defendant must file a timely objection to the trial date or waive his right to a speedy trial. *Id.* Moreover, "[i]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." *Cook v. State,* 810 N.E.2d 1064, 1066 (Ind. 2004).

Here, Logan was charged on July 31, 2009. The trial court set the initial trial date for November 8, 2010. This was approximately 615 days after the charging date and clearly beyond the one-year limit provided for under Crim. R. 4(C). We note, however, that reasons for the delays can be attributed partly to Logan. Logan made five motions to continue. According to the chronological summary for this case, we note that there were 154 days of delay chargeable to Logan pursuant to Crim. R. 4(C) including October 22, 2009 to November 12, 2009 (21 days); November 12, 2009 to December 10, 2009 (28 days); December 10, 2009 to January 14, 2010 (35 days); January 14, 2010 to February 11, 2010 (28 days); and February 11, 2010 to March 25, 2010 (42 days). The five motions caused Logan 154 days of delay, and thus the one-year limit was extended by this number of days.

The record further reveals that both parties met on March 25, 2010, and Logan consented to have his case tried on November 8, 2010. Unfortunately, the trial court vacated this date on November 3, 2010. On February 24, 2011, Logan filed a motion for discharge pursuant to Crim. R. 4(C). On March 8, 2011, the trial court denied Logan's motion. In part, the trial court ordered:

> In the instant case, the court has already determined that, in addition to the 154 days [Logan] concedes are chargeable to him for Criminal Rule 4(C) purposes, the 222 days from March 26, 2010 through November 3, 2010, were chargeable to the defendant based on his affirmative actions.

(Appellant's App. p. 67).

Reading the language of the Order, we interpret "affirmative action" to mean that Logan consented to the trial date of November 8, 2010. Thus, he acquiesced to a belated

6

trial date. *See Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind.1999). As such, we agree with the trial court's finding that the additional 222 days of delay accumulating from March 26, 2010 to November 3, 2010 were chargeable to Logan. Accordingly, if we were to subtract 154 days and 222 days from the 615 days that elapsed between the charging date and Logan's first trial date, it leaves 239 days chargeable to the State, well within the 365–day speedy trial period guaranteed by Crim. R. 4(C). We also note that even though the subsequent trial dates of January 24, 2011; June 20, 2011; August 22, 2011; February 6, 2012; July 9, 2012; and September 17, 2012 were vacated, thus causing a further delay to Logan's case, re-scheduling was inevitable due to the trial court's congested calendar.

In *Clark v. State*, 659 N.E.2d 548,552 (Ind. 1995), we stated that "a trial court's finding of congestion is presumed valid." A defendant may overcome this presumption by demonstrating that the finding of congestion was factually or legally inaccurate. *Id*. Such proof establishes a *prima facie* case for discharge unless the trial court sets forth an explanation for congestion. *Id*. If the trial court provides further findings which explain the congestion and justify the delay, the appellate court will give reasonable deference to the trial court's explanation. *Id*. The burden then shifts back to the defendant to establish that he is entitled to relief of discharge by showing that the trial court was clearly erroneous. *Id.*

Here, Logan only disputes the vacated trial date of February 6, 2012. The record reveals that Mahamat. A. Outman's case (Outman's case) was scheduled that day for an early hearing pursuant to a Crim. R. 4(B) motion. Logan argues that it was improper for the court to do so since Outman's case had been filed seven months after his case. The

7

evidence on record shows that on May 15, 2012, the trial court swore an affidavit explaining that:

> [Logan's] next trial date was February 6, 2012. The trial was continued due to court congestion, specifically the trial of Mahamat A. Outman, whose case was filed under cause number 20D03-10003-FA-11. It should be noted that while Mr. Outman's case was filed after [Logan's], Mr. Outman was in custody and demanded an early trial date pursuant to [Crim.R. 4(B)]. The [trial court] honored that demand.

(Appellant's. App. p. 104).

In the instant case, we find the trial court's calendar was congested. Relying on *Clark,* we conclude that the trial court's finding were adequate under the circumstances to justify the delay. Logan has not provided us with any information showing that the trial court's actions were factually erroneous to vacate his February 6, 2012 trial date. We therefore find that the continuance of Logan's case on February 6, 2012 was properly warranted. In this regard, we conclude that Logan was not entitled to discharge under Crim. R. 4(C).

## II. *Right to a Speedy Trial*

Logan contends that he was denied a speedy trial under the Indiana and United States Constitutions. The right of an accused to a speedy trial is guaranteed by both the Sixth Amendment to the United States Constitution and by Article 1, Section 12 of the Indiana Constitution. *Fisher v. State*, 933 N.E.2d 526, 530 (Ind. Ct. App. 2010) (citing *Clark,* 659 N.E.2d at 548.

The question of whether a defendant has been denied the right to a speedy trial under the Sixth Amendment involves the balancing of a number of factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy

trial; and (4) any resulting prejudice to the defendant. *Fisher*, 933 N.E.2d at 530; *Danks v. State*, 733 N.E.2d 474 (Ind. Ct. App. 2000) (citing *Barker v. Wingo*, 407 U.S. 514, 530, (1972)), *trans. denied*. We employ the same test to evaluate a speedy trial claim under Article 1, Section 12 of the Indiana Constitution. *Fisher*, 933 N.E.2d at 530.

In the instant case, we acknowledge that it took nearly three-and-a-half years to bring Logan to trial. "A post-accusation delay exceeding one year has been termed 'presumptively prejudicial' to a defendant." *Danks,* 733 N.E.2d at 481. However, this "does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Id*. (quoting *Doggett v. United States*, 505 U.S. 647, 652 n. 1(1992)). Thus, even if the delay is presumptively prejudicial because it exceeded one year, a defendant must "specify precisely how the delay affected his ability to defend himself against the charges in order to succeed on a speedy trial claim." *Id*. (citing *Gilmore v. State*, 655 N.E.2d 1225, 1227–28 (Ind.1995)). This is a burden Logan fails to meet. Logan claims that the delays by the State resulted in incarceration and anxiety. He, however, fails to pinpoint specific prejudice, such as loss of memory by a witness or any other impairment to his defense. *See Gilmore,* 655 N.E. 2d at 1228.

First, Logan claims that when his matter came up for a pre-trial conference on July 14, 2011 for purposes of setting up a trial date, he was denied the December 5, 2011 trial date. The record, however, discloses otherwise. Evidence shows that Logan refused to accept the December 5 date and demanded an earlier date. The record reflects that the trial court warned Logan that his case might be trumped by older cases if he opted for an earlier

9

date and, thus, he would be safer settling for December 5 as the earliest date. The record further shows that Logan did not heed the trial court's advice and insisted on settling for August 22, 2011 as the trial date. A few days before Logan's August trial date, the trial court vacated that setting, citing court congestion. The second delay Logan contests is the vacation of his February 6, 2012 trial date. As we stated earlier, it was trumped by the Outman case on that day since Outman had filed a Crim. R. 4(B) motion, thus giving his case a right to a speedy trial. We found no error here.

Furthermore, the delays cited by Logan do not specify precisely how they affected his ability to defend himself against the charges in order to succeed on a speedy trial. We find that Logan's actions were not vigorous; in fact, Logan did not file his motion to discharge pursuant to Crim. R. 4(C) until February 24, 2011, which was almost two years after he was initially charged. Even after his motion for discharge was denied, Logan never sought to file a Crim. R. 4(B) motion requesting a speedy trial. Under these particular facts and circumstances, we cannot say that Logan was denied his constitutional right to a speedy trial.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in denying Logan's motion for discharge under Crim. R. 4(C), and Logan has failed to demonstrate that the delays in his trial violated his constitutional right to a speedy trial.

Affirmed.

VAIDIK, C. J. and MAY, J. concur

10